[No. 10,336.]

. THE PEOPLE v. WM. E. GREEN.

CRIMINAL PRACTICE—VIEWING PREMISES BY JURY.—When a jury is permit-
ted by the Court to view the place where an offense is charged to have been
committed, or in which any other material fact occurred, no person can be
allowed, even by the Court, to speak to the jury on any subject connected
with the trial.

APPEAL from the County Court of San Joaquin County.

. The defendant was tried and convicted of the crime of rob-
·bery. He moved for a new trial, which was denied, and he
appealed.

The other facts are stated by the Court.

*Wesley Minta, James H. Budd, W. M. Gibson*, and *S. L.
Terry*, for Appellant.

*Attorney-General Hamilton, J. A. Hosmer*, and *J. C. Camp-
bell*, for the People.

By the COURT:

On cross-examination, the witness Nye stated that he and
Collins, during all the times that the occurrences he testified to
were going on, were in a yard back of the saloon, and the back
room was between them and the front room, where the bar was.
That the partition, over which he could not see, ran between the
front and back room, and the door in this partition was closed.

That the only way he could see what took place in the front
room was by looking through an opening in the partition at the
end of the counter, about four feet by two, over the ice chest,
which was the same height as the counter—they standing at a
door leading from the back room to the yard, about sixteen feet
from the ice chest.

This testimony was given in answer to questions asked by the
defendant's counsel, for the avowed purpose of showing that it
was impossible for the witness to have seen what took place in
the bar-room while the witness was at the back door.

.. Mr. Campbell, for the prosecution, asked the Court to send

the jury in charge of the witness Nye to see the Independent saloon, and that Mr. Nye should show the jury the relative positions of the parties.

Mr. Terry, for defendant, objected to Nye making any explanation to the jury out of Court.

The Court said: "He [Nye] may go and show them [the jury] where he stood and where the parties stood, but not any further."

To Mr. Nye—"Mr. Nye, you will go with the jury, *and show them the position that you occupied during the transaction, and where the other parties were, and where Officer Collins was, and they can judge for themselves after that.* There are not to be any explanations or comments made, except to show the jury where these parties were at the time the thing occurred.

" Mr. Sheriff, you will take charge of the jury."

Mr. Terry, defendant's counsel, excepted to the order of the Court.

The jury went to view the premises, in charge of the Sheriff, who was first sworn, as required by law. This proceeding was erroneous. Sec. 1119 of the Penal Code provides: " When, in the opinion of the Court, it is proper that the jury should view the place in which the offense is charged to have been committed, or in which any other material fact occurred, it may order the jury to be conducted in a body, in the custody of the Sheriff, to the place, which must be shown to them by a person appointed by the Court for that purpose ; and the Sheriff must be sworn to suffer no person to speak or communicate with the jury, nor to do so himself, on any subject connected with the trial, and to return them into Court without unnecessary delay, or at a specified time."

The action of the Court was not only opposed to the letter of the Code, but also to the purpose of the oath required to be administered to the officer who conducts the jury to the place mentioned in the order, and to the principle which gives to a defendant the privilege of being confronted by the witnesses against him.

Judgment and order denying a new trial reversed, and cause remanded for a new trial.