[No. 20142. In Bank. — March 26, 1886.]

THE PEOPLE, RESPONDENT, v. WONG AH FOO, APPELLANT.

CRIMINAL LAW — MURDER.— STATEMENT BY DECEASED — ADMISSIBILITY OF — EVIDENCE. — In a prosecution for murder, a statement by the deceased that the defendant shot him, if made almost *eo instanti* the firing of the fatal shot, and before the defendant had proceeded farther than across the street from the place of the homicide, is admissible in evidence, although such statement was not made in the immediate presence of the defendant.

ID. — NEW TRIAL — NEWLY DISCOVERED EVIDENCE. — A new trial will not be granted on the ground of newly discovered evidence, if the evidence is merely cumulative, and is contradicted by the affidavits of the adverse party.

ID. — INSTRUCTION — REASONABLE DOUBT — ERROR. — The court charged the jury that they should acquit, if they had from the evidence a reasonable doubt of the guilt or innocence of the defendant. *Held*, that the instruction was more favorable to the defendant than he was entitled to, and was not a prejudicial error.

ID. — CIRCUMSTANTIAL EVIDENCE — WEIGHT OF. — A statement by the court in its instructions that there was evidence in the case of a circumstantial

nature, is not error, if the charge as a whole did not convey to the jury any opinion of the court as to the weight of such evidence.

ID. — INSTRUCTION THAT ACT IS MURDER. — Where there is no conflict in the evidence as to the homicide being murder, the court may so instruct the jury.

ID. — RELATIONSHIP OF WITNESS — EVIDENCE OF ADMISSIBLE. — In a criminal case, where a son of the defendant testifies in his behalf, evidence of their relationship is admissible, and the court may instruct the jury that they may consult their general knowledge and experience in life as to whether or not a son would be apt to favor his father in giving his testimony.

ID. — ALIBI — CHARACTER OF EVIDENCE TO PROVE. — Certain observations made by the court in the instructions to the jury as to the character of the evidence that might be used to prove an *alibi* examined, and held not erroneous.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order refusing a new trial.

The declarations of the deceased referred to in the opinion were to the effect that the defendant was the person who shot him. The further facts are stated in the opinion.

*Charles B. Darwin*, for Appellant.

*Attorney-General Marshall*, for Respondent.

FOOTE, C. — The defendant was found guilty by a jury of murder in the first degree; from the judgment of conviction, and the order denying his motion for a new trial, he prosecutes this appeal.

The declarations of the man slain were properly admitted in evidence, in the exercise by the court of a sound discretion. They had been made only a very few moments preceding his death, and appear to have been uttered, if not in the immediate presence of the accused, yet before the latter had proceeded more than across Clay Street, from the place where the deceased fell wounded, following almost *co instanti* the firing of the fatal shot, thus being contemporaneous with and illustrative of the

character of the main facts under consideration. (1 Greenl. Ev., sec. 108; *Commonwealth* v. *McPike*, 3 Cush. 181; 1 Bishop's Crim. Proc., sec. 10986, note 4, and cases cited.)

It was not error for the court to refuse a new trial, because of the offer made by the defendant by affidavits of himself and others, of alleged newly discovered evidence. That evidence was in the main cumulative, and besides, those affidavits were contradicted, in a material respect, by that of I. M. Floyd, offered by the people.

The court refused two instructions asked by the defendant, but they were afterwards included in the charge given on the part of that tribunal.

There is no error of which the defendant can be heard to complain, from the fact that the court charged the jury they should acquit if they had from the evidence a reasonable doubt of the defendant's guilt or *innocence*. It was really more favorable to him than he had a legal right to expect.

We see no error in the court informing the jury that there was *some* evidence in the case of a circumstantial nature. Taking the whole charge, it did not convey to them any opinion of the court as to the weight of it as evidence.

Under the facts of this case as given in evidence, we can perceive no error in the judge stating to the jury, in the charge, that he understood from the argument and testimony that the offense committed was probably murder, or nothing. There was no conflict in the evidence as to the act committed being murder, the conflict was as to who was the actual perpetrator of it.

As part of its charge, which is most strenuously assailed by the defendant, as being calculated to mislead the jury, and to inform them that evidence of an *alibi* is to be distrusted, in that it is more easily fabricated, and holds out greater temptation therefor than other kinds of evidence, this language was employed: "Now,

in determining that fact, gentlemen, I instruct you that evidence to establish an *alibi*, like any other evidence, may be open to special observation; persons may perhaps fabricate it with greater hopes of success or less fear of punishment than most other kinds of evidence; and honest witnesses often mistake dates and periods of time and identity of people seen and other things about which they testify."

Upon a close examination of the whole charge, including the part quoted, and giving to it an unstrained interpretation, we do not perceive that the court charged the jury upon the weight of evidence.

It is undoubtedly true, as a matter of fact, that untruthful witnesses may fabricate anything, and testimony of an *alibi*, may perhaps be more easily fabricated than most other kinds, and those facts are within the knowledge of most persons of ordinary understanding and experience. And in support of this theory we have the authority of eminent jurists.

It is perfectly proper for a court, where a son testifies in behalf of a father, to admit evidence to the jury of their relationship, and alluding to such a fact as being in evidence, to charge the jury that they may consult their general knowledge and experience in life as to whether or not a son would perhaps be apt to favor his father in giving his testimony, and the like, this being in the nature of an observation upon a witness and his relationship to the accused. (1 Bishop's Crim. Proc., sec. 982.)

And in the present instance, we do not see how the jury could have understood that they were to lay less stress upon the evidence of *alibi* than any other testimony, for in fact they were expressly informed that "evidence to establish an *alibi*, like *any other evidence,* may be open to special observations," and these special observations did not go to the length of informing the jury positively that such evidence was less reliable than

other testimony in the present case, but informed them simply of the legal infirmities which were "perhaps" inherent in such testimony, leaving to the jury fully and exclusively as their province to determine its truth or falsity. And viewed in the light of good sense, we do not see that the language complained of went beyond a reasonable and fair latitude of observation permissible from the judge to the jury. (1 Bishop's Crim. Proc., secs. 982, 1064.)

There being no error in the record, the judgment and order should be affirmed.

BELCHER, C. C., and SEARLS, C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the judgment and order are affirmed.