[No. 20239. In Bank. — January 25, 1887.]

THE PEOPLE, RESPONDENT, *v.* J. J. BUSH, APPELLANT.

CRIMINAL LAW — CHANGE OF PLACE OF TRIAL — TRANSMISSION OF PAPERS. — Under section 1036 of the Penal Code, where the place of trial of a criminal action is changed to a county other than that in which the action is brought, neither a bill of exceptions taken on a former trial of the case for purposes of an appeal to the Supreme Court, nor the instructions given to the jury on the former trial, need be transmitted to the court to which the action is removed.

ID. — MURDER — VIEW OF PLACE OF HOMICIDE — ORDER FOR. — Under section 1119 of the Penal Code, the court, during a trial for murder, has jurisdiction to make an order for a view by the jury, in the presence of the defendant and his counsel, of the place where the offense is charged to have been committed or in which any material fact occurred, whether such place lies in the county where the cause is on trial, or in any other county of the state.

ID. — WITNESS MAY SHOW PLACE TO JURY. — During the view, a person appointed by the court to show the jury the places named in its order may point out and designate such places to the jury.

ID. — INSTRUCTIONS NEED NOT BE REPEATED. — A refusal to give instruc-
tions which have already been given in substance is not error.

ID. — PROOF OF HOMICIDE — PRESUMPTION OF MALICE — BURDEN OF PROOF
— EVIDENCE OF MITIGATION OR JUSTIFICATION. — In such a case, where
the commission of the homicide by the defendant is proved, the law pre-
sumes it to have been done with malice, and the burden of proving cir-
cumstances of mitigation, or that justify or excuse it, devolve upon him,
unless the proof on the part of the prosecution tends to show that it only
amounted to manslaughter, or that the defendant was justifiable or ex-
cusable.

ID. — PROSECUTION NEED NOT CALL ALL PERSONS PRESENT AT HOMICIDE.
— On a trial for murder, the prosecution is not required to call as its
own witnesses all persons who are shown to have been present at the
homicide.

ID. — RELATIONSHIP OF WITNESS WITH DEFENDANT — JURY MAY CONSIDER.
— On such a trial, where certain near relatives of the defendant have
testified in his favor, the court may instruct the jury to bear in mind
their relationship to the defendant, the manner in which they might be
interested in the verdict, and the very grave interest they must feel in it,
and to consider whether their position and interest might not affect their
credibility or color their testimony.

APPEAL from a judgment of the Superior Court of San
Bernardino County, and from an order refusing a new
trial.

During the progress of the trial, it was shown by a
witness for the prosecution that the nieces and son of
the defendant were present at the homicide. The de-
fendant, at the close of the case for the people, moved
the court to compel the prosecution to call such persons
as its witnesses. The court refused the request, to which
ruling the defendant excepted. The further facts are
stated in the opinion.

*W. J. Hunsaker, Byron Waters,* and *Harris & Allen,* for
Appellant.

The court had no jurisdiction to order a view out of
the county in which the trial was being had. (*People* v.
*Bush,* 68 Cal. 523; *Leese* v. *Clark,* 20 Cal. 387; Const., art.
6, sec. 6; Code Civ. Proc., secs. 65, 68; *Bates* v. *Gage,* 40
Cal. 183; *People* v. *O'Neil,* 47 Cal. 109; *Wicks* v. *Ludwig,*
9 Cal. 173; *Doss* v. *Waggoner,* 3 Tex. 515.) The witness

Bundy was not authorized to point out to the jury the places to be viewed. (*People* v. *Green,* 53 Cal. 60.) The court should have granted the defendant's motion that the prosecution be compelled to call all the persons present at the alleged homicide. (*Territory* v. *Hanna,* 5 Mont. 247; *Wellar* v. *People,* 30 Mich. 16; Wharton's Crim. Pl. & Pr., sec. 568.) The court erred in instructing the jury that the nieces of the defendant must have felt a grave interest in the verdict. (*Stone* v. *G. Q. M. Co.,* 52 Cal. 318; *People* v. *Walden,* 51 Cal. 588; *McNeil* v. *Barney,* 51 Cal. 603; *People* v. *Carrillo,* 54 Cal. 63.)

*Attorney-General Marshall, E. W. Hendrick, Wallace Leach,* and *John L. Campbell,* for Respondent.

The order for the view of the place of the homicide, although situated out of San Bernardino County, was proper, and within the jurisdiction of the court. (Pen. Code, secs. 1119, 4175.) The prosecution was not required to call all the persons present at the homicide. (*Territory* v. *Hanna,* 5 Mont. 247; *Hurd* v. *People,* 25 Mich. 405; *Wellar* v. *People,* 30 Mich. 23; *Maher* v. *People,* 10 Mich. 212; Wharton's Crim. Ev. 448; Wharton's Crim. Pl. & Pr., sec. 568; 1 Bishop's Crim. Proc., sec. 966; *State* v. *Martin,* 2 Ired. 101.) The instruction that the jury might consider the relationship of the nieces of the defendant in weighing their testimony was proper. (*People* v. *Iams,* 57 Cal. 115; *People* v. *Cronin,* 34 Cal. 195; *People* v. *Morrow,* 60 Cal. 142; *People* v. *Hollis,* 65 Cal. 78; *People* v. *O'Neal,* 67 Cal. 379.)

FOOTE, C.—The defendant appeals from a judgment of conviction of murder in the second degree, and from an order refusing him a new trial, made in the Superior Court of San Bernardino County.

He had been previously tried upon the charge of murder, and convicted in the Superior Court of San Diego County of that crime, in the first degree, and on appeal

to this court the judgment rendered against him was reversed.   (68 Cal. 623.)

Thereupon he obtained a change of the place of trial of his cause to the first-named county.

He now claims that the Superior Court of that county did not have jurisdiction to try him, for the reason, as he alleges, that the certified transcript of the record sent from San Diego County, on the change of venue to San Bernardino County, did not contain certain bills of exception taken on the trial of the case in the former county for purposes of appeal to this court, nor certain charges given to the jury on the former trial by the judge of the court then trying the cause.   This position is not tenable.

Such papers were not essential to give the Superior Court of San Bernardino County jurisdiction to try the defendant on the charge alleged against him; they are not, in the contemplation of the statute, a part of the "record" necessary to be transmitted on a change of the place of trial of such a cause *de novo*.   (Pen. Code, sec. 1036.)

This view of the meaning of the statute, viz., that the words "copy of the record, pleadings, and proceedings" require the transmission on change of the venue of a cause only such papers as may be essential to the proper trial of the defendant's case *de novo*, is strengthened by the presence in the statute of the words "including the undertakings for the appearance of the defendant and witnesses." As the undertakings might in a certain contingency be necessary, those words relating to them were evidently added out of abundant caution, so that not only the papers necessary to the *proper trial* of the defendant should be in the record, but also any papers which might be contingently necessary if forfeitures of the undertakings should be desired.

If the words first cited meant to include the papers for which the defendant contends, the addition of the

latter words would have been entirely superfluous, and we must therefore conclude that the legislature enacting the statute placed that construction on the language first mentioned, which we feel constrained to do.

We are also of opinion that it was within the jurisdiction of the trial court to make the order for the view by the jury of the place where "the offense is charged to have been committed, or in which any material fact occurred," under section 1119 of the Penal Code.

Nor do we perceive any error arising from the taking of that view. Section 1119 of the Penal Code confers the right on any Superior Court in this state, in the exercise of a sound discretion, to cause a view to be taken by a jury trying a criminal cause, of any "place in which the offense is charged to have been committed, or in which any other material fact occurred," and this right is there given whether the place or places to be viewed lie in the county where the cause is then on trial, or in any other county of this state.

This right, thus given, clearly and without limitation, is not, as we think, in any way in conflict with the provisions of section 6 of article 6 of our state constitution. We have formerly held that the statute contemplates the presence of the defendant and his counsel at such view, in order that he may not be deprived of any of his constitutional rights, to be confronted by witnesses against him, and to appear and defend in person and with counsel, and to that opinion we still adhere. (*People* v. *Bush*, 68 Cal. 623.)

The objection made that Thomas Bundy, the person appointed by the court to show the jury the places named in its order for the "view," pointed out and named such places to the jury, is without merit, for we cannot conceive how he could have shown the jury the two places which they were sent to view in any other way, under the statute.

What is said by this court in the case of *People* v.

*Green,* 53 Cal. 60, does not in any degree militate against the propriety of such a method of procedure.

We perceive no merit in the point that the court erred in not forcing the prosecution to introduce as its own three of the defendant's witnesses, Maud and Cora Parsons, his nieces, and Albert Bush, his son.

It is insisted that the eleventh and twelfth instructions asked by the defense, and refused, ought to have been given.

The court, in its general charge upon the same subject as that contained in the instructions, said: " If you find that the defendant committed the homicide, the law presumes it to have been done with malice, and the burden of proving circumstances of mitigation, or that justify or excuse it, devolve upon him, unless the proof on the part of the prosecution tends to show that it only amounted to manslaughter, or that the defendant was justifiable or excusable."

That was a clear and explicit enunciation of the law on the point covered by the refused instructions, and the defendant was not prejudiced by their refusal.

It is also assigned for error that the court gave this instruction: " In this case, Maud and Cora Parsons, nieces of the defendant, have been examined as witnesses in behalf of the defense. This is their right. It is proper, however, for the jury to bear in mind the relationship between them and the defendant, and the manner in which they may be interested by your verdict, and the very grave interest they must feel in it; and it is proper for the jury to consider whether their position and interest may not affect their credibility or color their testimony."

By that instruction, the court simply informed the jury of certain facts and circumstances in the case before them, which they would, perhaps, as men of ordinary observation, have been bound to know, and this was within a proper latitude of observation from a court

in its charge to a jury. (*People* v. *Wong Ah Foo*, 69 Cal. 180; Bishop's Crim. Proc., secs. 982–1064.)

Upon the whole case, we perceive no prejudicial error, and the judgment and order should be affirmed.

Belcher, C. C., and Searls, C., concurred.

The Court. — For the reasons given in the foregoing opinion, the judgment and order are affirmed.