[No. 12573. In Bank. — June 21, 1888.]

IN THE MATTER OF THE ESTATE OF HORACE BURDICK, DECEASED.

HOMESTEAD — COMMUNITY PROPERTY — SURVIVORSHIP — VALUE. — A homestead under the codes is impressed with the two main qualities of exemption from execution and the right of survivorship. If it is properly selected from the community property, and is of less value than five thousand dollars at the time of selection, it vests on the death of the husband or wife absolutely in the survivor, although at the time of death its value may exceed five thousand dollars.

APPEAL from an order of the Superior Court of Los Angeles County refusing to set apart a homestead to the widow of a deceased person.

The facts are stated in the opinion of the court.

*Frank B. Daley*, for Appellant.

*Lee & Scott*, for Respondent.

McFARLAND, J. — Kate Burdick is the surviving wife of Horace Burdick, deceased; and during his lifetime

said Horace Burdick executed in due form and had recorded a declaration of homestead upon the land involved herein. This land at the time said declaration was made was community property; and it remained the valid homestead of the husband and wife, who resided on it with their minor children, until the death of said Horace, which occurred May 7, 1887. On June 16, 1887, Frederick Eaton was appointed administrator of the estate of said Horace; and on October 6th, the surviving wife, Kate Burdick, filed her petition in the superior court, asking that the said homestead premises be set apart to her. On the filing of this petition, the court made an order appointing appraisers, and directing that if said homestead premises be returned in the inventory appraised at more than five thousand dollars, the appraisers should ascertain and appraise the value thereof at the time the homestead was selected, on October 7, 1870. The appraisers filed an inventory, in which the present value of the premises was put at forty-five thousand dollars, and reported the value of the same at the time of the selection of the homestead as four thousand dollars.

Thereupon the court made an order denying the petition of the widow, and from this order she appeals to this court. It does not appear that the estate was at all in debt; and in its opinion, the court below says that "the facts of the present case doubtless are, that there are no creditors to suffer." At all events, there are no creditors opposing the petition of appellant. Indeed, it does not appear from the record that any one opposed it.

We think the court erred in denying appellant's petition.

A homestead, under the codes, is impressed with two main qualities: 1. Exemption from execution; and 2. The right of survivorship, by which, upon the death of husband or wife, it goes to the survivor, and not to the heirs. It is with the latter quality alone that we have

to deal with in the case at bar,—as the contest here, if with any one, is with heirs, and not creditors.

Section 1474 of the Code of Civil Procedure provides that: "If the homestead selected by the husband and wife, or either of them, during their coverture, and recorded while both were living, was selected from the community property, . . . . it vests, on the death of the husband or wife, *absolutely in the survivor*." And the "homestead" here mentioned is defined in the codes as follows: "The homestead consists of the dwelling-house in which the claimant resides, and the land on which the same is situated, selected as in this title provided." Assuming, therefore, that a homestead is in every way valid,—that is, that it does not cover an unreasonably large amount of land, or is not in any way fraudulent or sham, and has been the *bona fide* residence of the parties, and has been executed and recorded in the manner provided by law,—then it goes, that is, the dwelling-house and land go, absolutely to the survivor, except in the cases where this right of survivorship is modified by some other provision of the codes. And there is no such provision limiting the right of ownership where the value of the homestead at the time of its selection was less than five thousand dollars. It *is* provided in section 1476 of the Code of Civil Procedure, that if the value at the time of the selection of the homestead "exceeded five thousand dollars," or if it had been appraised as provided in the Civil Code, and its appraised value exceeded that sum (which was not the case here), then it may be divided or sold, and the excess over five thousand dollars distributed. But there is no such provision as to a homestead *of less value than five thousand dollars at the time of its selection*. In the latter case, it goes absolutely to the survivor, although at the time of the death of the husband its value may exceed five thousand dollars. Some early decisions of this court relied

LXXVI. CAL.—41

on by respondents were made under statutory provisions materially different from those now in force.

The judgment and order of the court below are reversed, with instructions to set aside the homestead to petitioner as prayed for in her petition.

McKINSTRY, J., SHARPSTEIN, J., and PATERSON, J., concurred.

SEARLS, C. J., dissented.

THORNTON, J., dissenting.—I dissent.   In the lifetime of Horace Burdick, deceased, and during his intermarriage with the petitioner, Kate Burdick, he selected as a homestead the parcel of land involved herein.   A proper declaration of homestead as to the parcel of land was duly made and filed by the decedent on the seventh day of October, 1870.   At the time of making and filing this declaration, the decedent, with his family, consisting of his wife, above mentioned, and his minor children, resided on the premises.   The parcel of land so selected as a homestead was at the time of such selection community property.

The decedent died on the 7th of May, 1887, and on the sixteenth day of June, in the same year, letters of administration on the estate of decedent were issued to Frederick Eaton.

On the 6th of October, 1887, Kate Burdick, widow of deceased, filed in the superior court a petition asking that the premises above mentioned be set apart to her.

On the filing of this petition, the court made an order appointing appraisers of the estate of decedent, and by said order directed that if the homestead premises above mentioned be returned in the inventory appraised at more than five thousand dollars, the appraisers, before they make their return, ascertain and appraise the value of said homestead, at the time it was selected, on the 7th of October, 1870, etc.

On the 29th of October, 1887, the appraisers filed an inventory, in which the said premises were appraised at the sum of forty-five thousand dollars, and reported the appraised value of the same at the time of the selection as a homestead at the sum of four thousand dollars.

The court below denied the petition of the widow, who reserved an exception to the ruling of the court, and brings the case to this court on appeal.

Whether the estate of decedent is indebted does not appear. But it is so rare that persons die without being indebted that we may properly assume in our reasoning on the question presented that there are creditors of the estate whose claims are to be paid.

It is pertinent here to remark that the inventory and appraisement, which are inserted in the bill of exceptions, make the whole estate $51,096.18, and this on a request that the court declare that property amounting to $45,000 be withdrawn from the payment of the claims of creditors.

Of such a proposition it may be justly said that the law must be very clear which would justify a court in coming to such a conclusion. It would be a most extraordinary exemption law which would require such a thing to be done.

It would be almost as extraordinary to withdraw from the participation of the heirs, even to the extent allowed of the homestead of the value of five thousand dollars, so large a portion of the estate as is here required.

While the constitution allows, and in fact enjoins, legislation to protect from forced sale a certain portion of the homestead, it certainly was not intended to authorize an exemption so unreasonable as to include four fifths of the property of an estate.

"The homestead [we give here the definition of the Civil Code] consists of the dwelling-house in which the claimant resides, and the land on which the same is situated, selected as in this title provided." (Civ. Code, sec. 1237.)

The mode of selection is pointed out in sections 1262 and 1263 of the Civil Code. The declaration required by section 1262 must contain "an estimate of" the "actual cash value" of the premises. Now, while it is not declared in the foregoing sections that the homestead shall not exceed five thousand dollars in value, still, it is evident that the law was passed in pursuance of the provision of the constitution above quoted, and that it was intended as a law of exemption from forced sale to an amount to be fixed by the legislature. The amount of exemption is fixed in section 1260, in the case of any head of a family who is married, at five thousand dollars. This sum cannot be exceeded. This, then, in the case of the married head of a family, is the homestead spoken of in all the laws on the subject; that is, the residence of the family, not exceeding in value the aforementioned sum of five thousand dollars.

We think the above is the homestead spoken of in section 1265 of the Civil Code, and in the various sections of the Code of Civil Procedure. It is clear from the last clause in section 1265, that the excess above five thousand dollars is in all cases subject to the debts of the deceased.

Now, it is said that where the premises when selected are less in value than five thousand dollars, that no provision is made by law, on the death of the husband or wife, for cutting down or limiting the homestead to that sum, and section 1476 is cited to that effect. This seems to be correct of that section, and from this it is argued that, as no provision is made for thus limiting the homestead in the case just mentioned, therefore the whole property used as a homestead during the life of one of the spouses passes to the survivor, although at the time of such death it may be of a value greatly exceeding five thousand dollars. Section 1476 clearly provides for the case of limiting the homestead on the decease of one of the spouses to five thousand dollars in value, where the

premises at the date of their selection exceeded five thousand dollars. The construction urged leads to this result: That when one of the spouses departs this life, and the homestead at the date of its selection was of a value exceeding five thousand dollars, it may be cut down to five thousand dollars; but where it was at the date of its selection of a value less than five thousand dollars, it cannot be limited or cut down, but passes to the survivor of the married pair, irrespective of value.

In the case last supposed, the survivor must have the homestead, though it be of a value exceeding one hundred thousand dollars, and constitute the entire estate, thus leaving the creditors unpaid, and depriving the heirs of all share in the estate of their ancestor. Such a result savors of a solecism.

If there is no method provided by statute for cutting down and limiting the homestead to five thousand dollars in the case such as is presented herein, we think that the superior court, under section 187 of the Code of Civil Procedure, may adopt a method. We think the court below has the power and jurisdiction to limit the homestead as above; and, having such power and jurisdiction, it is vested by section 187 of the Code of Civil Procedure with all necessary and appropriate means to carry out and execute such power. Such is the doctrine laid down in *Mawson v. Mawson*, 50 Cal. 539, which is applicable herein.

I think the order should be affirmed.