[S. F. No. 1810.   Department Two.—June 7, 1900.]

N. G. HARDWICK et al., Appellants, v. W. W. BLACK, Administrator, etc., and W. F. NICHOLS, Respondents.

ESTATES OF DECEASED PERSONS—TITLE OF PROBATE HOMESTEAD—SEPARATE PROPERTY OF HUSBAND—ORDER PRIOR TO 1881.—If the decedent left a widow and no minor child, an order setting apart a probate homestead to the widow out of the separate property of the husband, made prior to the amendment of 1881 to section 1465 of the Code of Civil Procedure, made such homestead the property of the widow, and the title did not vest at her death in the heirs or devisees of the deceased husband.

ID.—CASE AFFIRMED.—*Mawson v. Mawson,* 50 Cal. 539, affirmed.

APPEAL from a judgment of the Superior Court of San Benito County.   M. T. Dooling, Judge.

The facts are stated in the opinion of the court.

A. M. Cunning, for Appellants.

Briggs & Hudner, for Respondents.

McFARLAND, J.—Action to quiet title to a certain piece of land.   A general demurrer to the complaint was sustained, and judgment rendered for defendants.   Plaintiffs appeal from the judgment.

Appellants claim title as devisees under the will of J. W. Hardwick, deceased, who died on December 16, 1878, seised of the land in question as his separate property.   He left a widow, Amelia A. Hardwick, and no minor child.   On April 14, 1879, the probate court made an order setting apart the land as a homestead, and, as there was no minor child, the homestead went to the widow.   She afterward died, and the defendant and respondent, Black, was duly appointed her administrator. Nichols was made a defendant as claiming some interest in the land.   The contention of appellants is that, as the land was the separate property of the deceased, it could be set apart to the widow only for a limited period, not longer than during her life; and that after her death the title vested in appellants un-

der the will.   Appellants undoubtedly claim in their complaint simply as "devisees," but we will not consider the question whether they could take advantage of the provision in section 1468 of the Code of Civil Procedure as it now stands, that in case of a limited probate homestead the title, subject to the homestead, vests in the "heirs"; for the case at bar must be decided in view of the statutory law as it was at the time the homestead order was made.   At that time section 1465 of the Code of Civil Procedure provided that where no statutory homestead had been selected the court must select a homestead for the surviving husband and wife and minor children "out of the real estate belonging to the deceased"; it made no distinction between community and separate property.   And section 1468 then provided that "when property is set apart for the use of the family, in accordance with the provisions of this chapter, if the decedent left a widow and no minor child such property is the property of the widow"; it did not contain the provision—afterward put into the section—that "if the property set apart be a homestead selected from the separate property of the deceased, the court can only set it apart for a limited period to be designated in the order, and the title vests in the heirs of the deceased, subject to such order," nor any similar provision. The section was not amended so as to include the provision last above quoted until 1881.

The very question here involved was decided adversely to appellants' contention in *Mawson v. Mawson,* 50 Cal. 539.   The statutory provisions on the subject were the same then as they were at the time the homestead was set apart in the case at bar.   The court there referred to the fact that "the legislature discriminates between a homestead selected and recorded in the lifetime of the parties and those to be set apart by the probate court out of the separate property of the deceased," and said that "these provisions are in no respect inconsistent with each other"; and it declares that "the language is incapable of any other interpretation than that if the homestead be set apart by the probate court out of the separate estate of the deceased husband it shall belong to the widow and minor child, if there be any."   Counsel for appellants vigorously assails this decision and asks us to overrule it; but we see no just reason for so

doing. The case has not only stood unquestioned for twenty-five years, but it has been frequently alluded to in subsequent decisions of this court—sometimes with approval and never otherwise. (*In re Walkerly*, 108 Cal. 655; 49 Am. St. Rep. 97; *In re Schmidt*, 94 Cal. 339; *Toby v. Oregon Pac. R. R. Co.*, 98 Cal. 496; *Sanders v. Russell*, 86 Cal. 120; 21 Am. St. Rep. 26; *In re Ackerman*, 80 Cal. 210; 13 Am. St. Rep. 116; *Collins v. Scott*, 100 Cal. 451; *In re Burdick*, 76 Cal. 645; *In re Walkerly*, 81 Cal. 581; *Somers v. Somers*, 81 Cal. 615; *Comstock v. Yolo County*, 71 Cal. 602.) Our conclusion is that the contention of appellants cannot be maintained, and that the judgment of the court below is right.

Judgment appealed from is affirmed.

Temple, J., and Henshaw, J., concurred.