[Crim. No. 700. First Appellate District, Division One.—March 21, 1919.]

## THE PEOPLE, Respondent, v. PEDRO A. BERNAL, Appellant.

[1] CRIMINAL LAW—CONFLICT OF EVIDENCE—REVIEW.—In this prosecution for a violation of section 288 of the Penal Code, the defendant having denied the commission of the act as testified to by the prosecuting witness, whose testimony was corroborated by her mother and two other witnesses, it was for the jury to pass upon the conflict of testimony, and it having done so, the appellate court may not review the evidence in this regard.

[2] ID.—INSTRUCTION — CREDIBILITY OF WITNESS — WEIGHT OF TESTIMONY.—In such prosecution, the court properly instructed the jury that, "In determining as to the credit you will give a witness and the weight and value you will attach to a witness' testimony, you should take into consideration the conduct and appearance and manner of the witness while on the stand; the interest of the witness, if any, in the result of the trial; the motives which actuate the witness in testifying, or in giving contradictory or false testimony, the witness' relation or feeling toward the defendant and the probability or improbability of the witness' statement being true when consid-

ered with reference to all other evidence, facts, and circumstances proved in the case."

[3] ID.—TESTIMONY OF DEFENDANT.—In such prosecution, it was not error to instruct the jury that, "The defendant in this case has offered himself as a witness in his own behalf, and you are to judge his evidence by the same rules that you would that of any other witness. You have no right to disregard his testimony merely upon the ground that he is the defendant and stands charged with this crime; but you should fairly and impartially judge his testimony together with all other evidence in the case."

[4] ID.—INTEREST OF WITNESS.—No error was committed by the court in instructing the jury that, "In judging the credibility of a witness, whether such witness be the defendant, the prosecutor, or any other witness produced on either side, you may consider the interest and relation of such witness in and to the case.

[5] ID.—ABSENCE OF MOTIVE — INTENT.—The giving of an instruction to the effect that if the evidence in the case failed to show a motive on the part of the defendant for committing the crime charged in the information, that that was a circumstance which the jury must consider in connection with all the other evidence in arriving at its verdict, and that the absence of motive on the part of the defendant was a strong factor in favor of his innocence, followed by an instruction giving the definition of "intent" as laid down in section 21 of the Penal Code, was not error because of the use of the word "motive."

[6] ID.—CONCERN OF JURY AS TO FINAL JUDGMENT — ARGUMENTATIVE INSTRUCTION.—An instruction prefaced with the words "in view of the arguments in this case" and in which the court proceeded to tell the jury, in substance, that it was not concerned with what might be the final judgment, or sentence, of the court in the event they should find the defendant guilty, and that the jury must put out of consideration entirely what the court might or might not do in the case, was not argumentative.

[7] ID.—REQUESTED INSTRUCTIONS—REPETITION.—The court properly declined to give the jury certain instructions proposed by the defendant, which were only repetition of other instructions given.

[8] ID.—MISCONDUCT—WAIVER OF OBJECTION.—Where no assignment of misconduct, or request for an admonition to the jury to disregard objectionable remarks, is made at the time of the trial, the objection will, on appeal, be deemed to have been waived.

APPEAL from a judgment of the Superior Court of Santa Clara County. J. R. Welch, Judge. Affirmed.

The facts are stated in the opinion of the court.

Frank A. Henning for Appellant.

U. S. Webb, Attorney-General, and John H. Riordan, Deputy Attorney-General, for Respondent.

WASTE, P. J.—Defendant was charged by an information with the violation of section 288 of the Penal Code. He was convicted and sentenced to imprisonment in the state prison for the term of one year. He now appeals from such judgment and from the order denying his motion for a new trial.

Appellant complains that the evidence is insufficient to support the verdict. The prosecuting witness, a girl upon whose person the lewd and lascivious acts were committed, was about eleven years old at the time of the trial. She testified in detail to the acts of the defendant constituting the crime. Her testimony was corroborated by the testimony of her mother and two other witnesses, to the effect that shortly after the acts complained of defendant was brought before the little girl, who told what had happened. The defendant was thereupon asked if the little girl was telling the truth and he answered: "Yes." He further stated to these three witnesses: "I was tempted, a funny feeling came over me. I don't know why I did it." Later the defendant stated to the district attorney, when questioned about the matter: "Well, I didn't harm her. I looked at her and saw that she was young and I stopped just in time. I guess because I was passionate."

[1] The defendant introduced no testimony other than his own concerning the occurrence. He positively denied the commission of the offense. There was, therefore, presented only a conflict of testimony which it was the duty of the jury to pass upon, and it having done so, this court cannot review the evidence in this regard.

Defendant complains that the court erred in giving the jury the following instructions: [2] "In determining as to the credit you will give a witness and the weight and value you will attach to a witness' testimony, you should take into consideration the conduct and appearance and manner of the witness while on the stand; the interest of the witness, if any, in the result of the trial; the motives which actuate the witness in testifying, or in giving contradictory or false testimony, the witness' relation or feeling toward the defendant and the probability or improbability of the witness' state-

ment being true when considered with reference to all other evidence, facts and circumstances proved in the case." The instruction was proper. (*People* v. *Wong Ah Foo,* 69 Cal. 183, [10 Pac. 375]; *People* v. *Dolan,* 96 Cal. 315, [31 Pac. 107].) By the instruction the court simply informed the jury of certain facts and circumstances in the case before them, which they would perhaps, as men of ordinary observation, have been bound to know. (*People* v. *Bush,* 71 Cal. 602, [12 Pac. 781].)

[3] The court instructed the jury as to defendant's testimony as follows: "The defendant in this case has offered himself as a witness in his own behalf, and you are to judge his evidence by the same rules that you would that of any other witness. You have no right to disregard his testimony merely upon the ground that he is the defendant and stands charged with this crime; but you should fairly and impartially judge his testimony together with all other evidence in the case." The court did not err in giving the instruction. It did not go as far as did the court in instructions which have been upheld. (*People* v. *Cronin,* 34 Cal. 191; *People* v. *Lang,* 104 Cal. 363, [37 Pac. 1031]; *People* v. *Wells,* 145 Cal. 138, [78 Pac. 470].)

[4] The court instructed the jury that: "In judging the credibility of a witness, whether such witness be the defendant, the prosecutor, or any other witness produced on either side, you may consider the interest and relation of such witness in and to the case." No error was committed by the court in this regard. (*People* v. *Bush, supra; People* v. *Amaya,* 134 Cal. 531, [66 Pac. 794].)

[5] The court instructed the jury that if the evidence in the case failed to show a motive on the part of the defendant for committing the crime charged in the information, that that was a circumstance which the jury must consider in connection with all the other evidence in arriving at its verdict, and that the absence of motive on the part of the defendant was a strong factor in favor of his innocence, and in that connection gave the following instruction: "Now, gentlemen, upon this question of intent and motive, I will read you the definition as laid down in the Penal Code in section 21: 'The intent or intention is manifested by the circumstances connected with the offense, and the sound mind and discretion of the accused. All persons are of sound mind who are neither

idiots or lunatics, nor affected with insanity.' '' This was not error, and appellant's attempt to draw a distinction between the use of the word ''motive'' in the instructions and the use of the word ''intent'' in the code section does not impress us as worthy of further consideration.

[6] The court prefaced one instruction with the words ''in view of the arguments in this case,'' and proceeded to tell the jury, in substance, that it was not concerned with what might be the final judgment, or sentence, of the court in the event they should find the defendant guilty, and that the jury must put out of consideration entirely what the court might or might not do in the case. Appellant contends that this instruction was argumentative. There is nothing in the point. The giving of other instructions is complained of, but our examination satisfies us that the court committed no error in its charge.

[7] The court declined to give the jury certain instructions proposed by the defendant: As to presumption of innocence; the difference between civil and criminal causes in respect to the degree or quality of the evidence necessary to justify a jury in finding for the plaintiff; and relative to the good character of the defendant. The court, however, fully and correctly covered each of these points in its charge. The rejected instructions were only repetition. The court is not bound to state the law to the jury more than once. (*People* v. *Hong Ah Duck,* 61 Cal. 387; *People* v. *Feld,* 149 Cal. 464, [86 Pac. 1100].)

The defendant while on the stand denied the commission of the offense and contradicted the testimony of the witnesses for the prosecution. He devoted the greater part of his testimony to the attempt to establish what he termed a ''frame-up'' on the part of the family of the prosecuting witness, and the officials of Santa Clara County. He related a most remarkable story of alleged brutal treatment at the hands of the authorities when first placed in the county jail. The effect of the testimony, if true, and believed by the jury, would tend to prejudice the prosecution, and put in question the mental soundness of the defendant. It was apparently given for that purpose. At the conclusion of defendant's testimony, the following occurred in open court, in the presence of the jury:

"By the Court: Mr. Thomas, I would like to call some deputy sheriff, or whoever has charge of these men, and investigate this particular charge that he is making here; to test the man's knowledge of things, to put it mildly. Who had charge of this man, Mr. Buffington?

"By Mr. Buffington: Billy Rowland.

"By the Court: Where is Rowland—is he here?

"By Mr Buffington: Yes.

"By the Court: Bring Rowland in; you may step down, Mr. Bernal.

"By Mr. Free: He is entirely crazy, or making believe.

"By the Court: That is what I want to find out."

Mr. Free, who took part in this colloquy, was the district attorney of the county and had testified as a witness for the prosecution. He apparently took some part in the conduct of the case. Witnesses were called to testify as to what really took place in the jail, the effect of which was to entirely discredit the defendant's story. Appellant contends that the remarks of the court and the district attorney tended to prejudice the defendant in the minds of the jury and constituted a reversible error. Appellate courts are continually warning trial courts, and prosecuting officers, of the danger of giving utterance to any statements tending, or in any wise so conducting themselves as, to cause prejudice against defendants in the minds of jurors. But bearing in mind that defendant had undoubtedly sought to influence the jury by his own testimony, to which we have referred, we cannot feel that prejudicial error was committed by either the court, or the district attorney, in the manner so complained of. [8] Furthermore, no assignment of misconduct or request for an admonition to the jury to disregard the objectionable remarks was made at the time of the trial, in which state of the record the objection will be deemed to have been waived on appeal. (*People* v. *Shears,* 133 Cal. 154, [65 Pac. 295]; *People* v. *Amer,* 8 Cal. App. 143, [96 Pac. 401]; *People* v. *Ye Foo,* 4 Cal. App. 743, [89 Pac. 450].)

Certain rulings of the court on the admission of testimony are complained of, but our examination of the record satisfies us that no prejudicial error was committed.

The judgment and order are affirmed.

Kerrigan, J., and Richards, J., concurred.

A petition to have the cause heard in the supreme court after judgment in the district court of appeal, was denied by the supreme court on May 19, 1919.

All the Justices concurred, except Lawlor, J., who was absent.