[Crim. No. 2593.   Second Appellate District, Division Two.—December 5, 1934.]

THE PEOPLE, Respondent, v. ANTONIO SILVA, Appellant.

Anna Zacsek for Appellant.

U. S. Webb, Attorney-General, and William F. Cleary, Deputy Attorney-General, for Respondent.

SCOTT, J., *pro tem.*—Defendant was convicted of burglary in the first degree after prior conviction of a felony, to wit, burglary, which defendant had admitted on arraignment. He appeals from the judgment and order denying motion for new trial.

After the jury was impaneled the court directed the clerk to read the information, and thereupon the reporter's transcript shows: "(Information read and plea stated.)" Appellant asserts that the clerk read the entire information and failed to omit the reference to the prior conviction, as required by Penal Code section 1025, thereby informing the jury that defendant had been convicted of a prior felony. We are limited to the record before us in determining such questions, and there is nothing to indicate that the matter of which appellant now complains transpired at the outset of the trial. No objection nor interruption of any kind was interposed directing the court's attention to any such irregularity or asking that any action be taken with reference thereto. Furthermore, the defendant took the stand in his own behalf and on cross-examination was properly asked (*People* v. *Oliver,* 7 Cal. App. 601 [95 Pac. 172]) and admitted that he had theretofore suffered such felony conviction.

The evidence supports the verdict. It is not questioned that the residence of the complaining witness was burglarized. A man resembling appellant, driving an old

car resembling his, was seen at the premises after dark on the evening in question. A coat stolen at the time was being worn by appellant when arrested. The latter made statements to the officers connecting him with the commission of the crime. At the trial he testified that he had agreed to plead guilty to two counts.

■ Certain instructions given and omitted are complained of as giving the jury an erroneous and prejudicial view of the law applicable to the facts in the case. We have read the court's entire charge, together with the requested instructions which were omitted, and it appears that the jury was fully and correctly instructed on all essential matters and that the allegations of error are not of substantial merit.

■ We find nothing in the conflicting evidence as to the voluntary character of appellant's statements which would require us to say as a matter of law that they should not have been admitted. Such testimony was submitted to the jury with instruction to consider it only if it was found to be free and voluntary.

■ Just before the case was submitted to the jury the court remarked: "Before I read the forms of verdict, I will ask is there any evidence whatsoever on which a verdict of burglary in the second degree could be rendered?" to which the deputy district attorney replied, "Yes. That is for the jury to decide, your honor." Appellant interposed no objection and did not ask that the jury be admonished to disregard the remark. His objection will be deemed to have been waived on appeal. (*People* v. *Bernal,* 40 Cal. App. 358 [180 Pac. 825].)

Judgment and order affirmed.

Stephens, P. J., and Crail, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on January 3, 1935.