[No. 6,605.—Department Two.]

## J. H. PIEPER *v.* CENTINELA LAND COMPANY.

APPEAL FROM AN ORDER—RECORD ON APPEAL.—Since the amendment of 1874 to § 951, Code of Civil Procedure, the record on appeal from an order consists of the papers used on the hearing in the Court below; and a bill of exceptions is unnecessary.

ID.—ID.—POWER OF COURT RULES.—As the statute prescribes no mode in which such papers shall be authenticated, this Court has power to prescribe by rule how such papers shall be brought before it on appeal; and if it has power to make such a rule in advance, it has the power to ratify the mode adopted by the Court below. *Held*, accordingly, that the certificate of the judge of the Court below was a sufficient authentication.

CHANGE OF PLACE OF TRIAL.—Upon a motion for change of place of trial, on the ground of the residence of the moving parties, and the convenience of witnesses, all the defendants must join.

ID.—CASE EXPLAINED.—The case of *O'Neil* v. *O'Neil*, 54 Cal. 187, was one of the class of cases referred to in § 392, Code of Civil Procedure, and does not apply to this case.

APPEAL from an order denying the defendant's motion for a change of place of trial, in the Twentieth District Court, County of Santa Clara. BELDEN J.

The facts are stated in the opinion.

*Brunson & Wells*, and *J. E. Graves*, for Appellants.

All the defendants need not join necessarily in the motion for

change of venue. ( *Wolcott* v. *Wolcott*, 32 Wis. 68; *Chace* v. *Benham*, 12 Wend. 200.)

*Frs. E. Spencer*, for Respondent.

Thornton, J.:

This is an appeal from an order denying a motion made to change the place of trial. The motion was made on two grounds: first, the residence of the moving parties; and second, the convenience of witnesses.

An objection is taken by the respondent, that the papers claimed to have been used on the motion in the Court below cannot be looked at on this appeal, because not embodied in a bill of exceptions.

As the statute was at the time the motion was made (in 1879), the bill of exceptions was not necessary to bring up such papers. (§ 951, Code Civ. Proc.) In 1874, this section was changed by striking out of the last clause these words: " And of the bill of exceptions relating thereto," and inserting in their place the following: " And of papers used on the hearing in the Court below." With this change in the statute, we cannot see that a bill of exceptions is necessary under the circumstances.

There is in the transcript a certificate of the judge of the Court below, stating what papers were used on the hearing of the motion, and these papers are inserted in the transcript. The statute prescribes no mode by which it shall be made to appear to this Court on appeal what papers were used on the hearing of such a motion as the one before us. Under such circumstances, this Court has the power to prescribe by a rule how such papers can be brought before it on appeal. This it can do in order to make effectual the appeal given by law. As it has such right to make a rule in advance, it has a like power to ratify and adopt the mode followed in this case. We shall consider the papers named in the judge's certificate as properly before us.

The motion referred to was made by all the defendants served but one. No reason is given why he did not, though he had appeared and filed a demurrer, join in the motion. Nor does it

anywhere appear in the moving papers, that Martin, the defendant who did not join, was not a proper party to the action.   As far as we can see, Martin intended in good faith to defend the action, and wished it tried in the County of Santa Clara, where it was brought.   Under these circumstances, all the defendants should have joined in this motion, and as they did not do so, the motion was properly denied.   (*Fickens* v. *Jones*, decided in October, 1863, reported in 2 Cal. Dig., by C. H. Parker, Esq. § 29, p. 83 ; *Sailly* v. *Hutton*, 6 Wend. 508 ; *Legg* v. *Dorsheim*, 19 id. 700 ; *Welling* v. *Sweet*, 1 How. Pr. 156 ; *Simmons* v. *McDougall*, 2 id. 77.)

There is nothing said in this opinion contrary to what is ruled in *O'Neil* v. *O'Neil*, 54 Cal. 187.   That case was one of the class of cases mentioned in § 392 of the Code of Civil Procedure.   The case before us does not belong to that class.

The order is affirmed.

SHARPSTEIN, J., and MYRICK, J., concurred.