[No. 6,539.—Department One.]

## JOSEPH NASH v. LEWIS B. HARRIS ET AL.

EXCEPTION—BILL OF EXCEPTIONS.—A party excepting to a decision, whether he except in person or be deemed in law to have excepted, must, in statutory or reasonable time thereafter, take the proper steps to have a bill of exceptions settled, or some other equivalent judicial authentication, showing the matters upon which the decision was made.

ID.—ID.—APPEAL.—Unauthenticated papers in a transcript in which there is no bill of exceptions constitute no part of a record which can be considered on appeal.

APPEAL from an order in the Nineteenth District Court, City and County of San Francisco. WHEELER, J.

*James L. Crittenden*, for Appellants.

*Bishop & Fifield*, for Respondents.

McKEE, J.:

This is an appeal from an order sustaining a motion to set aside a judgment rendered against the respondent.

The presumption in this Court is, that the motion was properly sustained; and the burden is upon the appellant to show that the decision of the Court below was erroneous. This can only be shown by the record of the proceedings which has been brought before us. An appellate tribunal cannot take judicial knowledge of proceedings in lower Courts. It can only act upon

a record of the proceedings authenticated in the mode required by law.

When the motion was argued and decided in the lower Court the attorney of the appellant was present, and reserved no exception to the decision of the Court. But according to § 647 of the Code of Civil Procedure, an appealable order " is deemed to have been excepted to." Yet a party who has excepted to a decision of a court, whether he excepted in person at the time the decision was made, or is deemed in law to have excepted, must, in statutory or reasonable time after his exception, avail himself of the right to reduce the same to writing, and take the steps required by law to have the bill of exceptions settled and signed by the judge. If anything occurred in the course of the trial or proceedings which ought to be made part of the record, it must be done in that mode or by some other equivalent judicial authentication. If it is not done, the appellate court is without the means of knowing what the matters were upon which the decision was made which is sought to be reviewed.

The appellant contends that the Court below erred in setting aside the judgment against the respondent, because the affidavits and papers used on the hearing of the motion showed an abuse of discretion. But there is no bill of exceptions containing the papers and affidavits which were used. The transcript contains certain affidavits, and a paper purporting to be the reporter's minutes of testimony taken at the trial of the case. But none of these documents is in any way authenticated.

In *Peiper* v. *Centenella Co.* 56 Cal. 173, the judge of the lower Court certified to the papers, which were used on the hearing of a motion for a change of the place of trial, and those papers were inserted in the transcript, and were identified as being the papers referred to in the certificate, and it was held by Department Two of this Court that the papers were, by the certificate of the judge, made part of the record in the case. The certificate of the judge was thus made equivalent to a bill of exceptions.

But here there is no such authentication. No papers or affidavits are in any manner referred to or marked or identified as being the papers and affidavits which were used on the hearing. There is a recital in the order itself that " the motion was made

on the papers and pleadings on file," and the transcript contains affidavits indorsed "filed"—some of which appear to have been so indorsed on the day of the date when the order was made, and others a month before. But there is no mark by letter, number, or other means of identification, to indicate them as the papers which are referred to in the order; and the paper in the transcript purporting to be the reporter's minutes of testimony taken at the trial is not indorsed at all as one of the papers "on file."

We cannot indulge in presumptions of papers which were used in the Court below on the hearing of a motion. To be considered they must be made part of the record of the case by a bill of exceptions, or be authenticated by the judge who tried the case, in such a way as to leave no doubt, when found in the transcript, that they are the papers which were before him when he acted, and upon which he decided. Unauthenticated papers in a transcript in which there is no bill of exceptions constitute no part of a record which can be considered upon appeal.

Order affirmed.

Ross, J., and McKinstry, J., concurred.