[No. 11470.     Department One. — June 28, 1886.]

## MARIA SCHAMMEL, RESPONDENT, *v.* HENRY SCHAMMEL, APPELLANT.

APPEAL — DIVORCE — ALIMONY AND COUNSEL FEES — CERTIFICATE TO IDEN-TITY OF PAPERS. — On an appeal from an order for counsel fees and alimony, made *pendente lite* in an action of divorce, the certificate of the trial judge is a sufficient identification of the papers used on the hearing of the motion.

ID. — MOTION TO DISMISS APPEAL — CERTIFICATE MAY BE FILED ON HEAR-ING. — If the transcript fails to contain such a certificate or other evidence of identification, and a motion is made to dismiss the appeal on that ground, the appellant may cure the omission, under rule 13 of the Supreme Court, by presenting and filing at the hearing of the motion to dismiss a certificate of the judge to the identity of the papers.

APPEAL from an order of the Superior Court of the city and county of San Francisco for the payment of alimony and counsel fees.

Motion to dismiss appeal on the ground that the record failed to identify the papers used on the hearing in the court below. At the hearing of the motion to dismiss, the appellant filed a certificate of the judge of the court below identifying the papers in the transcript as those used by him on the hearing. The further facts are stated in the opinion.

*Fisher Ames*, and *Dunne & Davidson*, for Appellant.

*Davis Louderback*, and *Cary, Sullivan & Sullivan*, for Respondent.

FOOTE, C.—This is an appeal from an order made *pendente lite*, for counsel fees and alimony, in an action of divorce.

The only matter concerning it now to be considered is the motion to dismiss that appeal.

That motion alleges as grounds why it should be sustained:—

"1. Because said transcript of the record on appeal from said order fails to authenticate, identify, or show what papers were used on the hearing of said motion on the 16th of October, 1885, for alimony and counsel fees, and upon which said order was made and entered.

"2. Because there is no bill of exceptions or anything else in the record to show what papers were used on the hearing of said motion for alimony and counsel fees in the court below, and upon which the order appealed from was founded."

In the case of *Pieper* v. *Centinella Land Company*, 56 Cal. 173, this court declared that the certificate of a judge of the trial court, similar to the one now under consideration, except that the former appeared in the transcript of the record of the cause, and the latter does not, was a sufficient identification of the papers used on the hearing of the motion.

And in that case the following language was used:—

"The statute (i. e., Code Civ. Proc., sec. 951) prescribes no mode by which it shall be made to appear to this court on appeal what papers were used on the hearing of such a motion as the one before us. Under such circumstances, this court has the power to prescribe by a rule how such papers can be brought before it on appeal. This it can do in order to make effectual the appeal given by law. As it has such right to make a rule in advance, it has a like power to ratify and adopt the mode followed in this case. We shall consider the papers named in the judge's certificate as properly before us."

Under rule 13 of this court, "exceptions or objections

to the transcript, . . . . or any technical exception or objection to the record in civil cases affecting the right of the appellant to be heard on the points of error assigned, which might be cured on suggestion of diminution of the record, must be taken and notified to the appellant in writing, at least five days before the hearing, or they will not be regarded; *and when so noted, it shall be the duty of the appellant to present and file at the hearing of the cause such additional record, certificate, or other matter, if such there be, to remove or answer the objection or exception so taken;* otherwise such objection or exception, if well taken, shall prevail."

The present proceeding to dismiss the appeal is well taken unless the certificate of the judge who heard the motion in this case is sufficient under that rule, or ought to be so held independent of that rule.

We are of opinion that such certificate is sufficient, both under that rule, and for the reason that as it serves the sole purpose of the identification of papers (for which no rule of law is laid down in the statutes), there is no more reason why the judge's certificate in this case is not as good for the purpose intended as those sometimes filed, made by clerks of the trial court about some omission in the record, as to which they are competent to certify, although they are not thus competent in such a matter as the present.

The judge's certificate as to such papers as here involved, if properly made, is as sufficient and should be as fully considered as an identification of such papers out of the transcript as in it, if presented at the proper time.

The motion to dismiss should be denied.

BELCHER, C. C., and SEARLS, C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the motion is denied.