[No. 13169. In Bank. — December 4, 1889.]

ISABEL M. SOMERS, RESPONDENT, v. CALVIN F. SOMERS, APPELLANT.

PRACTICE — APPEAL — AUTHENTICATION OF PAPERS. — On an appeal from an order heard upon affidavits, the only proper mode of authenticating such affidavits on appeal to this court is by a bill of exceptions. (Per WORKS, J.; Fox, J., concurring.)

ID. — Such papers cannot be authenticated by the certificate of the judge of the court below, as such mode is not provided for, and a bill of exceptions is, by the code, made the only means of bringing up such papers. (Per WORKS, J.; Fox, J., concurring.)

ID. — If such a certificate were proper, the one brought up in this case is insufficient, as it does not identify the papers as true copies of the ones used at the hearing in the court below. (Per WORKS, J.; Fox, J., PATERSON, J., and McFARLAND, J., concurring.)

APPEAL from an order of the Superior Court of the city and county of San Francisco, made after judgment, awarding counsel fees.

The facts are stated in the opinion of Mr. Justice Works.

*Matt. I. Sullivan*, for Appellant.

*R. B. Mitchell*, for Respondent.

WORKS, J. — This is an appeal from an order made after judgment allowing the appellant an attorney fee for services to be rendered in defense of a motion for a new trial and an appeal to this court. The respondent moves to dismiss the appeal on the ground that there is no bill of exceptions, and that none of the proceedings and papers used on the hearing are properly authenticated. There is a certificate of the judge of the court below, which will be noticed hereafter, that certain papers named were used on the hearing.

In the case of *Herrlich* v. *McDonald*, 80 Cal. 472, it was said: "It is also a matter of serious question whether any of the papers claimed to have been used on the

alleged motion are properly authenticated. As we have
said, there is no bill of exceptions. The only authenti-
cation is by the certificate of the judge of the court be-
low, at the close of the transcript. . . . . Formerly it was
expressly provided that on motion for a new trial affi-
davits used might be identified by indorsement by the
judge or clerk at the time as having been read or re-
ferred to on the hearing. (Stats. 1861, p. 599; Hayne
on New Trial and Appeal, 790.) The present code has
no such provision. It is simply provided that 'on appeal
from a judgment rendered on appeal or from an or-
der, except an order granting or refusing a new trial, the
appellant must furnish the court with a copy of the notice
of appeal, of the judgment or order appealed from, and
of papers used on the hearing in the court below.' (Code
Civ. Proc., sec. 951.) We are of the opinion that with-
out a statutory provision authorizing the authentication
of copies of papers in some other way, the only proper
way that they can be brought into the record and iden-
tified is by bill of exceptions. There are decisions of
this court, however, in which it has been rather taken
for granted that a certificate of the judge is sufficient.
( *Walsh* v. *Hutchings*, 60 Cal. 228; *Nash* v. *Harris*, 57 Cal.
243; *Larkin* v. *Larkin*, 76 Cal. 323.) And in one case it
was held in Department that as the statute prescribed no
mode in which such papers should be authenticated,
'this court had power to prescribe by rule how such
papers should be brought before it on appeal; and if it had
power to make such a rule in advance, it had the power
to ratify the mode adopted by the court below,' and
upon this proposition was founded the decision in that
case that the certificate of the judge of the court below
was sufficient. (*Pieper* v. *Centinela Land Co.*, 56 Cal.
173.) But the code does provide, in express terms, how
all papers, proceedings, and exceptions, not otherwise a
part of the record, may be made such, viz., by a bill of
exceptions or statement. (Code Civ. Proc., secs. 646,

649–651.)   In case of an appeal from any decision made
after judgment, a bill of exceptions is the proper, and in
our opinion the only proper, mode of authentication.
(Code Civ. Proc., sec. 651.)   But the respondent has not
asked us to affirm the order on the ground that the ques-
tion is not properly presented, and in view of this fact,
and considering the state of uncertainty in which the
question is left by the decided cases, we prefer to decide
this case on its merits.   We must say, however, that if
this court has the power to determine that papers to be
used on appeal may be authenticated in a way not pro-
vided for by statute, when a different way is provided for,
which we very much doubt, it should be done by a rule
adopted in advance, and made applicable to all cases, and
not be left for the court to say in each case whether or not
the mode adopted in that case is sufficient."

In the early history of code practice it was the tendency
and inclination of the judges, who had been educated
under the common-law practice, to construe the codes
strictly.   The reaction has come, and the courts of the
present day have, in many instances, gone to the other
extreme.   The judge who, at the present time, disregards
the plainest provisions of the codes relating to the practice,
with a view of reaching and deciding a case on its merits,
is regarded as a man and a judge of " broad views."
The one who is in favor of administering the law as it
is written is " narrow-minded."   Judicial legislation is,
as a rule, the worst of legislation.   It is almost invari-
ably the offspring of some real or supposed hardship
which may result from the decision of the particular
case in hand in accordance with existing laws or well-
established rules of procedure.   An attorney who has a
plain statute before him has not followed it, but has re-
sorted to some other means of presenting his case.   The
court, rather than deny him a hearing on the merits,
approves his course, and thereby establishes a rule of
practice unknown to the code and hitherto unheard of,

and brings uncertainty and confusion into the practice. Such infractions of the rules of practice make bad laws, poor lawyers, and unreliable courts. Lawyers come to believe that all they have to do is to satisfy the liberal mind of the court, not to comply with the law. We believe it to be a wrong to competent attorneys, an injustice to the court, and an injury to litigants.

The decided cases on the question we are now considering present a strong example of this good-natured but mistaken policy of extreme liberality.

If the plain provisions of the code had been followed, this case would have been presented to the court as follows: —

In the Superior Court of the city and county of San Francisco.

Isabel M. Somers, Plaintiff, *v.* Calvin F. Somers, Defendant. Divorce.

Be it remembered, that on the twenty-third day of November, 1888, at ten o'clock, A. M., the plaintiff in this cause, pursuant to notice previously given, moved the court for an order allowing the plaintiff the sum of one hundred dollars attorney's fee in said cause, and requiring the defendant to pay the same into court for said purpose, and, in support of said motion, introduced the following evidence: —

Affidavit of R. B. Mitchell, as follows, etc.

The defendant offered no evidence in his behalf. And the court, having heard the evidence, and being advised in the premises, sustained said motions, and made the order prayed for, to which the defendant at the time excepted, and now presents this, his bill of exceptions, and asks that the same be allowed and settled.

The foregoing bill of exceptions is settled and allowed as correct, this —— day of ——, 1888.

JAMES G. MAGUIRE,
Ex-judge of the Superior Court.

What more simple or convenient means of presenting

the case could be devised. Instead of this we have the following:—

"I, James G. Maguire, judge of the superior court of the city and county of San Francisco, on the twenty-eighth day of November, 1888, and on the twenty-third day of November, 1888, hereby certify that upon the hearing of plaintiff's motion on said twenty-third day of November, 1888, for order requiring defendant to pay to plaintiff, or her attorney, the sum of one hundred dollars as counsel fee and costs on defendant's motion for new trial, the following papers were used and considered by the court, to wit: Affidavit of R. B. Mitchell, made upon plaintiff's said motion, and attached to the notice of said motion; the notice of said motion and affidavit of Frank T. Cusack, of service of said notice.

"JAMES G. MAGUIRE,
"Ex-judge of the Superior Court."

As was said in *Herrlich* v. *McDonald, supra,* there is no authority whatever in the codes for any such authentication of papers. This court adopted it as sufficient in the case of *Pieper* v. *Centinela Company, supra,* but not on the ground that there was any law authorizing it. On precisely the same theory, if the papers presented by appellant were verified by the affidavit of his attorney, we might say we are entirely satisfied that the papers are correct copies, and we will not stand on technicalities, and deprive the appellant of the benefit of his appeal. But we think the conclusion reached in the case referred to was based upon an erroneous view of the law. The ground taken was, that as no means was provided by statute for authenticating the papers, the court might provide a mode by rule, and not having done so by a general rule, it could approve a mode adopted in that case. As we have seen, the code does provide a mode of authenticating papers on appeals of this kind, and therefore the conclusion reached in the case cited has no foundation to rest upon.

It is well said that counsel and their clients should be protected where they have followed the practice approved by this court, and we acknowledge the force of the suggestion. Strangely enough, courts of justice are expected to perpetuate their errors instead of correcting them. There is a legitimate reason for this in some cases; for example, where property rights have grown up under a decision which is subsequently ascertained to have been erroneous. But such a doctrine has no application to decisions affecting mere questions of practice. If the matter were one which could be controlled by rules of court, and was not governed by positive law, we should be in favor of adopting a rule that hereafter all cases must be presented by bill of exceptions, but that cases now pending should not be affected thereby. But as we do not believe that this court has any authority to regulate the mode of presenting papers on appeal where one is provided for by statute, we feel constrained to dismiss the appeal on the ground that the papers could only be presented to this court by bill of exceptions. But if we are wrong in this, the certificate in this case is entirely insufficient. There is nothing in it to show that the papers set out in the transcript are true copies of the ones used at the hearing. The certificate simply recites that the affidavits of certain persons were used and considered, but it is not certified that the affidavits set out are the same that were used, or true copies of them. For aught we can tell, these same parties may have made other and different affidavits, or the copies furnished us may not be correct copies, and other evidence may have been used and considered at the hearing. In other words, the affidavits set out in the transcript are not authenticated as true copies of the ones used at the hearing, nor is it shown in any way that the ones set out were all that were used.

For these reasons the appeal is dismissed.

Fox, J., concurred.

PATERSON, J., concurring. — I concur in the judgment on the last ground mentioned by Justice Works, viz., that the affidavits are not shown to be the ones which were used on the hearing. The question how such papers shall be authenticated I take to be one of very little importance. It is better that a rule of practice— mere practice — be steadily adhered to, even if it has arisen out of an erroneous construction of some provision of the code. Nothing disturbs and annoys practitioners more than judicial vacilation from one rule of practice to a different one on the same matter.

Furthermore, it would be manifestly unfair to now change the rule and dismiss appeals, — and the right of appeal is *property* of a high order sometimes,—which have been perfected upon a rule sanctioned by this court. A rule ought to be adopted for future cases as suggested.

McFARLAND, J., concurred.

BEATTY, C. J., dissenting.—If the question involved in this motion were a new one, I should feel little hesitation in concurring in the opinion of Mr. Justice Works; but since the appellant has pursued the practice approved in *Pieper* v. *Centinela Co.*, 56 Cal. 173, in bringing up certified copies of the papers used at the hearing in the superior court, I do not think we are justified in reversing our former ruling and dismissing his appeal.

I think, however, it would be well to make a rule to operate prospectively in accordance with the views of Justice Works.

THORNTON, J., dissenting. — I dissent. The practice pointed out in *Pieper* v. *Centinela Co.*, 56 Cal. 173, is correct and in accordance with the statute. It has been frequently approved, notably in *People* v. *Jordan*, 65 Cal.

648, where six judges concurred and no one filed a dissent. It settled the practice, and has remained undisturbed until this case, and unchallenged until the *dictum* in *Herrlich* v. *McDonald,* 80 Cal. 472, appeared. This court has also said that it would accept a bill of exceptions under the like circumstances, and has accepted and acted on it. I see no ground for disturbing the settled practice, and am not willing to do so, whether laid down by a broad-minded or a narrow-minded court. It would be unjust to litigants to change it now. The certificate of Judge Maguire that Mitchell's affidavit was used on the hearing of the motion is sufficient, and the appeal should not be dismissed. The appellant is entitled to a hearing on his appeal. As to the objection that the judge's certificate does not show that the affidavit of Mitchell appearing in the record is a true copy, it need only be said that this is not the duty imposed on the judge. There was but one affidavit of Mitchell, and this the judge certifies was used on the hearing. The certificate of the clerk states that the papers contained in it are true and correct copies of these originals, and that said copies have been compared by him with said originals. This certificate authenticates the affidavit appearing in the transcript as a correct copy.

It is said in the opinion of Mr. Justice Works: "As was said in *Herrlich* v. *McDonald,* there is no authority whatever in the codes for any such authentication of papers. This court adopted it as sufficient in the case of *Pieper* v. *Centinela Co.,* 56 Cal. 173, but not on the ground that there was any law authorizing it." It is a very strange assertion that this court would adopt any rule when not authorized by law. The law authorizing this court to adopt such rule is found in section 187 of the Code of Civil Procedure. Under this section a most important rule was adopted in *Mawson* v. *Mawson,* 50 Cal. 539. In this case the party was entitled to a homestead, and no mode of setting it apart by the probate

court was provided by law, and it was held under this section that the court might itself establish a rule of doing so. The section above cited is applicable to this court. Further, this court can frame and issue all writs and make all rules necessary to the exercise of its appellate jurisdiction, where the statute has not provided one. (Code Civ. Proc., sec. 51; *People* v. *Jordan*, 65 Cal. 648.) The power was ample to make the rule in *Pieper* v. *Centinela Co*. It was not alluded to in the opinion for the reason that it was so well known to the members of the court that it was considered unnecessary to extend the opinion by inserting it.

The motion to dismiss the appeal should, in my judgment, be denied.

SHARPSTEIN, J., concurred in the dissenting opinion of THORNTON, J.

Rehearing denied.