[Crim. No. 634.   Department Two.—December 27, 1900.]

## THE PEOPLE, Appellant, v. SAMUEL B. TERRILL, Respondent.

CRIMINAL LAW—APPEAL FROM ORDER SETTING ASIDE INFORMATION—ABSENCE OF BILL OF EXCEPTIONS—AFFIRMANCE.—Upon appeal by the people from an order granting a motion to set aside an information for want of a legal commitment, in the absence of a bill of exceptions to authenticate the papers used on the hearing of the motion, as provided by rule XXXII of this court, the mere printing in the record of affidavits and testimony taken and proceedings had at the preliminary examination cannot be considered, and the order must be affirmed.

APPEAL from an order of the Superior Court of Santa Clara County setting aside an information.   W. G. Lorigan, Judge.

The facts are stated in the opinion.

Tirey L. Ford, Attorney General, George A. Sturtevant, Deputy Attorney General, and James H. Campbell, for Appellant.

Jackson Hatch, for Respondent.

McFARLAND, J.—This is an appeal by the people from an order of the court below granting a motion to set aside the information.

The main ground of the motion was that prior to the information respondent had not been legally committed by a magistrate.   What is called the "transcript on appeal" shows what purport to be a large number of affidavits and other papers and testimony given and proceedings had at the preliminary examination; but there is no bill of exceptions authenticating these matters, and therefore there is nothing before us into which we can look to see whether the order appealed from was, or was not, erroneous.

The codes contain no provision, either in civil or criminal cases, for authenticating papers or evidence used on a motion, other than a bill of exceptions, and formerly there was great difficulty and confusion on the subject.   It was held in *Walsh v. Hutchings*, 60 Cal. 228, that the certificate of the clerk would not do.   In *Pieper v. Centinela etc. Co.*, 56 Cal. 173, the judge of the lower court had certified to the papers used, and the court said that "as the codes had prescribed no mode of authentication, this court has the power to prescribe by a rule how such papers can be brought before it on appeal," and that, "as it has such right to make a rule in advance, it has a like power to ratify and adopt the mode followed in this case"; and the papers named in the judge's certificate were considered. There is no decision as to when the judge must make his certificate, and his recollection of the facts might be very indistinct; and in *Borkheim v. North British etc. Ins. Co.*, 38 Cal. 627, the court suggests to members of the bar that they "request the judge, at the hearing of such motion, to indorse each affidavit or other document as having been used upon the motion."

In *Somers v. Somers,* 81 Cal. 608, the whole matter was extensively discussed—several justices expressing opinions. It was held in the leading opinion "that the papers could only be presented to this court by bill of exceptions"; but as the certificate of the judge was itself insufficient, it was probably on that ground that the appeal was dismissed—the court being embarrassed by former decisions. But it was suggested in that case— which was decided in 1899—that there should be a rule of court on the subject to "operate prospectively"; and immediately afterward the rule—then No. XXXII, and now No. XXIX —was adopted, which is as follows: "In all cases of appeal to this court from the orders of the superior courts, the papers and evidence used or taken on the hearing of the motion must be authenticated by incorporating the same in a bill of exceptions, except where another mode of authentication is provided by law." Afterward, in March, 1891, the case of *White v. White,* 88 Cal. 429, was decided, in which this court said: "The transcript on appeal herein purports to show that certain affidavits and testimony of witnesses were used upon the hearing of the motion, which resulted in the order appealed from, but there is no bill of exceptions in the record. In the case of *Somers v. Somers, supra,* the members of this court were divided as to the proper practice to be pursued in authenticating the record on appeal from this class of orders, but since then the court has adopted rule XXXII, which we think should be deemed as settling the practice, so far as relates to appeals taken since it went into effect; and this appeal having been taken since that date, the rule is decisive of the question arising on this motion." That case was decided nearly ten years ago, and the rule itself has been in existence more than eleven years, and there is no reason why, since then, all difficulties on the subject should not be avoided by a compliance with the rule. Of course, the rule does not apply to papers which are themselves parts of the judgment-roll, as was the case in *Miller v. Lux,* 100 Cal. 609.

The order appealed from is affirmed.

Henshaw, J., and Temple, J., concurred.