[Crim. No. 88.   Second Appellate District.—August 6, 1908.]

# THE PEOPLE, Respondent, v. JOHN WILLIAMS, Appellant.

CRIMINAL LAW—ORDER REFUSING TO SET ASIDE INFORMATION—BILL OF EXCEPTIONS—REVIEW UPON APPEAL.—No appeal can be taken from an order refusing to set aside an information for want of a legal commitment before the filing of the same; but such order is reviewable upon an appeal from the judgment, provided the proceedings are embodied in a settled and authenticated bill of exceptions as required in section 1174 of the Penal Code.

ID.—ABSENCE OF LEGAL RECORD—EVIDENCE AND EXCEPTIONS IN MINUTES—ORDER NOT REVIEWABLE.—In the absence of a bill of exceptions, evidence and exceptions to rulings embodied in the minutes and inserted in the transcript furnish no authenticated or legal record, from which it can be determined whether the court erred in making the order complained of.

APPEAL from a judgment of the Superior Court of Kern County.   Paul W. Bennett, Judge.

The facts are stated in the opinion of the court.

Matthew S. Platz, for Appellant.

U. S. Webb, Attorney General, and George Beebe, Deputy Attorney General, for Respondent.

SHAW, J.—This is an appeal on the part of the defendant from a judgment of conviction of the crime of burglary.

The only assignment of error upon which it is urged the judgment should be reversed is the denial of the defendant's motion to set aside the information filed against him upon the ground that he had not been legally committed by a magistrate before the filing of the information.

It appears from the minutes of the trial that, in support of the motion, defendant introduced in evidence the transcript of the proceedings of defendant's preliminary examination had before the justice of the peace as transcribed by the shorthand reporter who acted in such capacity at said preliminary hearing.   This evidence is not incorporated in a bill of ex-

ceptions, but is set forth in the minutes of the trial. The appeal is upon the judgment-roll.

An order denying a motion to set aside an information is not an appealable order, but reviewable on appeal from the judgment under the provisions of section 1259 of the Penal Code, which is as follows: "Upon an appeal taken by the defendant from a judgment, the court may review any intermediate order or ruling involving the merits, or which may have affected the judgment."

In discussing a like order, the supreme court in *People* v. *Simmons,* 119 Cal. 1, [50 Pac. 844], says: "As the motion, if granted, would have affected the judgment, the order may be reviewed on this appeal from the judgment, the proceedings having been brought up by bill of exceptions."

The proceedings here, however, have not been brought up by bill of exceptions, nor in any other mode of authentication provided by law. By express provision of section 1172 of the Penal Code exception may be taken by either party to the decision of the court in granting or denying a motion to set aside an information. And section 1174 of the Penal Code provides a mode for the authentication and settling of such exceptions in a bill of exceptions. These sections provide the only mode for obtaining a review of the order which appellant claims to have been erroneously made. Evidence embodied in the minutes and exceptions to the rulings of the court upon motions noted in the minutes as here presented furnish no authenticated or legal record from which we can determine whether the court erred in making the order. (*People* v. *Terrill,* 131 Cal. 112, [63 Pac. 141]; *People* v. *Long,* 121 Cal. 494, [53 Pac. 1097]; *People* v. *Emmons,* 7 Cal. App. 685, [95 Pac. 1032].)

The judgment is affirmed.

Allen, P. J., and Taggart, J., concurred.