[Crim. No. 118.  Second Appellate District.—May 5, 1909.]

## THE PEOPLE, Respondent, v. HARRY COURTRIGHT, Appellant.

CRIMINAL LAW—ROBBERY—MOTION TO SET ASIDE INFORMATION FOR WANT OF LEGAL COMMITMENT—INSUFFICIENT RECORD—ORDER NOT REVIEWABLE.—An order denying a motion of the defendant to set aside an information against him for robbery, on the ground that there was no legal commitment by a magistrate, cannot be reviewed upon appeal, when the record upon appeal is insufficient to show error in the order.

ID.—ROBBERY AFTER BURGLARY—EVIDENCE—MANNER OF ENTRY INTO HOUSE.—When the evidence upon the charge of robbery showed a forcible taking of property from the person of the prosecuting witness, in the commission of which he was perfectly identified, after he had committed burglary in entering his house, evidence of the manner in which he had entered the house was proper, as detailing the surrounding circumstances connected with the crime charged, and being relevant thereto, the fact that it also tended to prove another offense was not a ground of objection to such evidence.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial. W. H. Jamison, Judge.

The facts are stated in the opinion of the court.

Edward Judson Brown, for Appellant.

U. S. Webb, Attorney General, and George Beebe, Deputy Attorney General, for Respondent.

ALLEN, P. J.—The defendant was convicted of robbery and appeals from the judgment of conviction and from an order denying a new trial.

The insufficiency of the record is such that no review can be had of the action of the court in denying the motion to set aside the information on the ground that before the filing thereof the defendant had not been legally committed by a magistrate. (*People* v. *Lonnen,* 139 Cal. 634, [73 Pac. 586] ; *People* v. *Williams,* 8 Cal. App. 595, [97 Pac. 684].)

Upon the trial of the cause, the prosecuting witness testified that he was living alone in his bungalow at Redondo, and left his home about half-past 6 in the evening and did not return before 10 the same evening; that upon his return he discovered that his house had been entered during his absence, and trunks and drawers had been opened and the contents disarranged; that he discovered the odor of tobacco smoke in the house; that an examination of one of the drawers showed that a revolver kept by him therein was missing, and that he found lying upon a chair a drift bolt, which was produced in court; that observing these conditions he instituted a search through the house, and upon opening the bathroom door found the defendant therein armed with a revolver in general appearance suggesting the weapon belonging to the witness; that the defendant so armed compelled the witness to deliver up his money, watch and other valuables; that the house was lighted and he was able to carefully examine the features of the robber, and positively identified the defendant as such person. Witness, after recounting the events connected with the robbery and the departure of the defendant from the house, further testified that the next morning he examined the windows of the house for the purpose of seeing how entrance was gained thereto, and that he found a dent in the sill of the bathroom which corresponded in size and shape with the iron bolt found in the room. Defendant objected to the introduction of evidence tending to show the manner in which an entrance to the house had been effected upon the theory that it tended to prove another substantive and distinct crime. This objection was properly overruled. The statement in connection with the manner of entrance into the house was proper as detailing the surrounding circumstances connected with the crime charged. It being relevant, the fact that it also tended to prove another offense was not a ground of objection to it. (*People* v. *Craig,* 152 Cal. 46, [91 Pac. 997].)

Error is claimed in several other particulars, but they seem to us too trivial for serious discussion or consideration. Nothing appears therefrom which could in any manner prejudice defendant, who seems to have had a fair trial and to have been very properly convicted under the evidence.

Judgment and order affirmed.

Shaw, J., and Taggart, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on July 1, 1909.