JOHNSON v. CONTINENTAL CASUALTY CO.

No. 5046. Decided July 6, 1931. (300 P. 1032.)

*D. A. Skeen,* of Salt Lake City, for appellant.

*Geo. H. Smith, J. V. Lyle, R. B. Porter,* and *W. Hal Farr,* all of Salt Lake City, for respondent.

FOLLAND, J.

This is an action by the beneficiary named in a life insurance policy to recover thereunder for the death of the insured by accidental means. From a verdict and judgment in favor of defendant, plaintiff appeals.

Respondent has filed a motion to strike the purported bill of exceptions for the reason that the bill has not been allowed and settled. This is met by the statement of appellant that she does not pretend that any bill of exceptions has been settled, and there is no bill before the court to be stricken, but there is presented to this court for decision an assignment of error that the trial court erred in refusing to relieve appellant from her default in neglecting to prepare, serve, and file the proposed bill of exceptions for allowance and settlement within time.

The case was tried in 1928 and judgment entered. Motion for a new trial was on September 28, 1928, denied. Notice of appeal was served and filed March 15, 1929. The proposed bill of exceptions was served on respondent's counsel August 24, 1929. Thereafter the attorney for appellant served notice on opposing counsel that she would on September 7, 1929, present the proposed bill of exceptions to the court and ask to be relieved from her neglect in failing to serve and file for settlement the proposed bill of exceptions within thirty days after service of notice of appeal and would also move the court to allow and settle the proposed bill. Objections were filed by respondent for the reason that the proposed bill was presented after time, and that the court was without jurisdiction to allow and settle same. After a hearing the court, on September 10, 1929, as shown by minute entry, denied appellant's motion to settle and certify the bill of exceptions. No reference is made by the court in this minute entry to any ruling on the application of appellant to be relieved from her default. Clearly she was entitled to have the court pass upon that question. On April 11, 1930, appellant served notice on opposing counsel that she would on April 19, 1930, call up for hearing before the court her motion theretofore made to be relieved from her neglect to have the bill of exceptions served and filed within thirty days after notice of appeal and would thereupon move the court to settle and allow the proposed bill, said motions to be based on the files and records and

affidavit theretofore served and evidence to be offered at the hearing. A minute entry dated April 26th shows that after a hearing the court denied the "motion to relieve plaintiff from her default because the showing made by plaintiff is insufficient, and does deny plaintiff's motion to settle, sign and approve plaintiff's proposed Bill of Exceptions upon the ground that the court has no jurisdiction to do so, to which rulings plaintiff excepts."

In order to ward off respondent's motion to strike the bill of exceptions because not settled, appellant now seeks to have us review and reverse the action of the district court in denying the application of plaintiff to be relieved from her failure to serve and file the proposed bill of exceptions in time. The procedure to be followed in such proceeding is briefly outlined in the language of Mr. Justice Frick in *Tooele Improvement Co.* v. *Hoffman,* 44 Utah 532, 141 P. 744, 745, as follows:

"Where an applicant proceeds under section 3005 [Comp. Laws Utah 1917, § 6619], the court is without jurisdiction to grant relief, unless an application and showing is made to the court upon which it can base findings for or against the application. If the court finds the showing sufficient to authorize the relief sought, it should make an order allowing the proposed bill of exceptions to be served, and, if it finds the showing insufficient, make an order to the contrary. The findings and order, when properly served and made a part of the record on appeal, may then be reviewed by this court upon the application of either party the same as any other ruling in the case. For these reasons, therefore, it is necessary that the application and showing be sufficient in form and substance to authorize the court to act."

This procedure is approved in *Moyle* v. *McKean,* 49 Utah 93, 162 P. 63, and in *Davis* v. *Lynham,* 67 Utah 283, 247 P. 294. Appellant sought relief under the provisions of Comp. Laws 1917, § 6619. There was no application presenting the issue unless the affidavit of counsel be regarded as such, nor were there any findings of fact upon which the order of the court might rest unless the minute entry quoted above is regarded as such a finding. The three cases cited, supra,

were all cases where an application to be relieved from default was granted and the bill of exceptions settled and certified by the trial judge, the proceedings had upon the application for relief and motion to settle the bill being incorporated in the bill of exceptions as finally settled. Here, however, the ruling by the trial judge was against appellant on both questions, and there is no bill of exceptions in the record covering either the proceedings at the trial or the proceedings at the hearing upon the application for relief and motion to settle the bill. Assuming, without deciding, that we may on this appeal review the action of the court in the matters specified, and also assuming that the affidavit is a sufficient application, and that the minute entry of the court's decision is a sufficient finding, still, we may not review this question on the record presented for the reason that the proceedings had and the evidence adduced on the application and motion are not presented to us in any bill of exceptions or any other record authenticated by the certificate of the trial judge. The notices and affidavits are attached to the judgment roll, as are also copies of minute entries embodying the court's rulings, but not all of these are entitled to be incorporated in the judgment roll. Comp. Laws Utah 1917, § 6867 as amended by Laws Utah 1915, c. 52. The application for relief under section 6619 presents an issue which must be tried by the court as any other issue, and before any party is entitled to have a decision on such an issue reviewed on appeal it is necessary that the proceedings had thereunder be incorporated in a bill of exceptions duly authenticated by the certificate of the judge. Comp. Laws Utah 1917, § 6971; *Somers* v. *Somers*, 81 Cal. 608, 22 P. 967. The matter of granting relief under section 6619 rests largely within the sound discretion of the court to which the application is made, and his rulings with respect thereto will not ordinarily be disturbed unless it is made apparent that the court has abused such discretion. Clearly, the party who seeks a reversal of such an order has

the duty of bringing to this court a properly authenticated record by a bill of exceptions of the proceeding had before the court on that particular issue. This was not done, and for that reason the motion of respondent must prevail.

Since no ruling is presented for review, except as is required to be exhibited by a bill of exceptions, and since there is no bill, it follows that the judgment of the district court must be, and the same is, affirmed.

CHERRY, C.J., and STRAUP, ELIAS HANSEN, and EPHRAIM HANSON, JJ., concur.