[Crim. No. 992.   Department Two.—July 23, 1903.]

THE PEOPLE, Respondent, v. WILLIAM LONNEN, Appellant.

CRIMINAL LAW—GRAND LARCENY—MOTION TO SET ASIDE INFORMATION—PRESUMPTION—AFFIDAVITS NOT PART OF RECORD.—The action of the court in denying a motion to set aside an information for grand larceny, for want of legal commitment by a magistrate, must be presumed regular, where the affidavits upon which the motion was based are not incorporated in a bill of exceptions, nor authenticated, as provided by rule XXIX of this court, as having been used on the motion.

ID.—SUFFICIENCY OF INFORMATION—TAKING FROM PERSON—ASPORTATION.—An information for grand larceny is sufficient if it alleges that the property stolen was feloniously taken from the person and immediate presence of another who was the owner thereof. In such case, no further asportation, or carrying away, need be alleged to constitute the offense.

ID.—INSTRUCTIONS—CIRCUMSTANTIAL EVIDENCE—CORROBORATION—PROTEST OF PROSECUTING WITNESS.—Instructions assuming that the case was one of circumstantial evidence were properly refused where it appeared that all the circumstantial evidence adduced only went to corroborate the direct testimony of the prosecuting witness to the fact of the larceny, which was committed by the defendant in taking the money in a sack from his person, against his earnest pro-

test, then and there orally announced in the presence of several persons, who testified to his protests, without being eye-witnesses of what was taken.

ID.—DANGER OF CONVICTING INNOCENT MAN—MATTER OF ARGUMENT.— A requested instruction to the jury that "in weighing the evidence to determine whether there was a reasonable doubt as to defendant's guilt, you have the right to consider that innocent men have been convicted, and to consider the danger of convicting an innocent man," embodies only proper matter of argument by defendant's counsel to the jury, and was properly refused.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order denying a new trial. B. N. Smith, Judge.

The facts are stated in the opinion.

F. W. Allender, for Appellant.

U. S. Webb, Attorney-General, and R. C. Van Fleet, for Respondent.

GRAY, C.—The defendant was convicted of grand larceny, and appeals from the judgment of conviction and from an order denying him a new trial. He also attempts to appeal from an order denying his motion in arrest of judgment and from the verdict of the jury, but these attempts not being authorized by our practice may be disregarded.

1. Appellant says that his motion to set aside the information on the ground that the defendant had not been legally committed by a magistrate should have been granted by the court. For want of a sufficient record we are unable to review the action of the court on this motion. Two affidavits are printed in the transcript immediately following the motion in question, presumably setting forth the facts on which the motion was based. These affidavits form no part of the judgment-roll, nor are they incorporated in any bill of exceptions or otherwise authenticated, as provided in rule XXIX of this court, nor does it appear that they were used on the motion. (*People* v. *Terrill,* 131 Cal. 112.) No error is made to appear in the order denying the motion to dismiss the information, and we therefore presume that the action of the court was regular. (*People* v. *Beach,* 122 Cal. 37.)

2. It is next contended that the court erred in overruling the demurrer to the information. The information runs as follows: "The said William Lonnen is accused by the district attorney of and for the county of Los Angeles, state of California, by this information, of the crime of grand larceny, committed as follows: That the said William Lonnen on the twenty-third day of June, 1902, at and in the county of Los Angeles, state of California, did willfully, unlawfully, and feloniously take from the person and immediate presence of one Peter Gross one twenty-dollar gold coin, one ten-dollar gold coin, and seven five-dollar gold coins, all of the aforesaid coins being lawful and current money of the United States, and of the value of sixty-five dollars gold coin of the United States, and the personal property of the said Peter Gross," etc.

We think this information charges the crime of grand larceny. Larceny is defined as "the felonious stealing, taking, carrying, leading, or driving away the personal property of another" (Pen. Code, sec. 484); and "Grand larceny is committed in either of the following cases: . . . 2. When the property is taken from the person of another." The evidence tends to show that the money was feloniously taken by the defendant from the pocket of the prosecuting witness. In such a case the felonious taking of personal property from the person and immediate presence of another constitutes the crime of grand larceny, whether the thief succeeds in "carrying away" the property or not, and it is sufficient to so charge in the information. It will be seen that the several acts which constitute larceny are stated disjunctively in the code with the word "or" impliedly following each of the words "stealing, taking," etc., and it is clear under the language of the statute when the taking is from the person, that no further asportation, or carrying away, is necessary to complete the offense of grand larceny. Or, to state the matter another way, the "taking from the person" is all the "asportation," or "carrying away," necessary to be alleged or shown to constitute the crime of grand larceny as defined in our code.

3. Several instructions asked by defendant in which it was assumed that this was a case of circumstantial evidence were

refused by the court. There was no error in this, for the reason that while there was some circumstantial evidence in the case, these circumstances only went to corroborate the main evidence, which consisted of the direct testimony of the prosecuting witness that the defendant, while sitting beside him at a table, took from his pocket a tobacco-sack containing the money in question and walked away with it against the earnest protest of said witness, then and there orally announced in the presence of several other persons. These other persons testified to the oral protests of the prosecuting witness, but did not see the sack or money. This could not be properly called a "case of circumstantial evidence," and therefore it was not proper to give instructions implying that it was such a case. (*People* v. *Burns,* 121 Cal. 529.)

4. The court refused the request of the defendant to instruct the jury as follows: "In weighing the evidence to determine whether there was a reasonable doubt as to defendant's guilt you have the right to consider that innocent men have been convicted, and to consider the danger of convicting an innocent man." This statement would have been proper enough in argument. If the attorney for defendant did not think of it while on his feet before the jury, it was his own misfortune. In any event, he had no right to inject it into the instructions. It was not error to refuse it. (*People* v. *Findley,* 132 Cal. 301; *People* v. *Barney,* 114 Cal. 557.)

5. Defendant requested an instruction as follows: "In this case the jury is not bound to believe the uncontradicted statement of a witness for the prosecution against the defendant as to a fact. The jury are not bound to take the testimony of any witness as true." This instruction was properly refused, because it was directed specially against the testimony "of a witness for the prosecution." Instructions should be general, and not confined to the testimony on one side of the case; otherwise, the jury may think the court is suspicious of the testimony against which its instructions are particularly directed. (*Thomas* v. *Gates,* 126 Cal. 1; *People* v. *Arlington,* 131 Cal. 231; *People* v. *Patterson,* 124 Cal. 102.) Besides, the instruction is objectionable in other respects not necessary to be here stated.

We find no error in the record, and advise that the judgment and order denying a new trial be affirmed.

Smith, C., and Cooper, C., concurred.

For the reasons given in the foregoing opinion the judgment and order denying a new trial are affirmed.

> Henshaw, J., Lorigan, J., McFarland, J.