[No. F030742. Fifth Dist. Nov. 9, 1999.]

THE PEOPLE, Plaintiff and Respondent, v.
JOSEPH R. ALVARADO, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of part I of the Discussion.

## COUNSEL

Bruce L. Snipes, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren and Bill Lockyer, Attorneys General, George Williamson, Chief Assistant Attorney General, Robert R. Anderson, Assistant Attorney

General, Shirley A. Nelson and Laura I. Heidt, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**VARTABEDIAN, J.**—A jury convicted defendant Joseph R. Alvarado of one count of first degree burglary (Pen. Code, § 459/460), one count of attempting to dissuade a witness from testifying (*id.* § 136.1, subd. (c)(1)), and one count of carjacking (*id.* § 215, subd. (a)). The court found the out-of-custody-on-bail enhancement true and sentenced defendant to an aggregate term of nine years four months.

On appeal, defendant claims the court wrongfully terminated plea bargaining because of defendant's "attitude problem." Defendant also claims that his conviction for carjacking should be reduced to attempted carjacking because he did not succeed in "taking" the vehicle. We affirm.

### FACTUAL BACKGROUND

On August 6, 1997, Anne Cabrera had a birthday party at her home for her neighbor Monica Benavidez. Defendant and Horacio Perales attended the party, which ended between 12:30 and 1:00 a.m.

According to Perales, as he was leaving the party, defendant approached him and asked for a ride. Once the two men were riding in Perales's Buick Regal, defendant told Perales to stop the car. When Perales failed to do so, defendant put his hand behind his waistband and made movements that led Perales to believe that defendant had a gun.

Perales stopped the car and defendant told him to put it in park and to get out. Perales noticed that defendant had his right hand underneath the front of his T-shirt from which an object was projecting. Defendant said he would "cap" Perales if he did not get out of the car.[1] Perales then yanked the keys out of the ignition, ran from the vehicle and hopped a fence. As he escaped to safety, Perales heard defendant yelling angrily.

On August 14, 1997, defendant confronted Anna Arias, who lived across the street from Anne Cabrera. Defendant told Arias that he wanted to speak to Cabrera about what happened the night of the party. Arias told defendant that no one was home at the Cabrera residence. Because defendant wanted to verify that no one was at the home, defendant and Arias knocked on

---

[1]To "cap" means to fire or to shoot a gun.

Cabrera's door. No one answered. Defendant then kicked down Cabrera's front door. Arias ran back to her house and called the police. She also told Benavidez that defendant had broken into Cabrera's house. Before the police had arrived, Arias saw Cabrera and her children arrive home.

As Cabrera drove up to her house, she noticed an unfamiliar car backed into her driveway. Cabrera angrily parked her car in the middle of the road. She then saw two men coming out of her house. One of the men was carrying her television. Cabrera ran toward the two men, coming close enough to scare one man into dropping the television. The two men got into the car and drove away.

Benavidez saw defendant running from Cabrera's home with a television. Defendant later called Benavidez and threatened to kill her and her family if she testified against him.

## DISCUSSION

### I.*

#### *Invocation of the Fresno Rule to Prohibit Further Conditional Plea Bargaining*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . .

### II.

#### *The "Taking" Element of a Carjacking Offense*

Defendant contends his conviction for carjacking must be reversed for insufficient evidence because there was no evidence of even slight movement of the victim's vehicle. The prosecution argues that movement is not required at all under the carjacking statute. For purposes of the present discussion, we assume carjacking requires some form of asportation and find there was sufficient movement of the vehicle in this case to satisfy that element of the crime.

Penal Code section 215, subdivision (a) defines carjacking as "the felonious taking of a motor vehicle in the possession of another, from his or her person or immediate presence, or from the person or immediate presence of a passenger of the motor vehicle, against his or her will and with the intent to either permanently or temporarily deprive the person in possession of the

---

*See footnote, *ante*, page 156.

motor vehicle of his or her possession, accomplished by means of force or fear." Penal Code section 211 defines robbery as "the felonious taking of personal property in the possession of another, from his person or immediate presence, and against his will, accomplished by force or fear."

Thus, both robbery and carjacking require a felonious taking. Defined by a statute located within chapter 4 (robbery) of title 8 (crimes against the person) of the Penal Code, carjacking is a specific type of robbery.

In *People* v. *Medina* (1995) 39 Cal.App.4th 643 [46 Cal.Rptr.2d 112], we examined the legislative history of Penal Code section 215 and took note of the following: " 'According to the author [of the legislative bill], there has been considerable increase in the number of persons who have been abducted, many have been subjected to the violent taking of their automobile and some have had a gun used in the taking of the car. [¶] 'This relatively "new" crime appears to be as much thrill-seeking as theft of a car. If all the thief wanted was the car, it would be simpler to hot-wire the automobile without running the risk of confronting the driver. People have been killed, seriously injured, and placed in great fear, and this calls for a strong message to discourage these crimes. Additionally, law enforcement is reporting this new crime is becoming the initiating rite for aspiring gang members and the incidents are drastically increasing. [¶] *'Under current law there is no carjacking crime per se and many carjackings cannot be charged as robbery because it is difficult to prove the intent required of a robbery offense (to permanently deprive one of the car)* since [many] of these gang carjackings are thrill seeking thefts. There is a need to prosecute this crime.' (Assem. Com. on Pub. Safety[,] analysis of Sen. Bill No. 60 (1993-1994 Reg. Sess.) July 13, 1993, p. 1.)" (*People* v. *Medina, supra,* 39 Cal.App.4th at pp. 647-648, italics added.)

Based on the foregoing legislative history, it appears the Legislature intended to treat carjackings just like robbery with two exceptions: (1) carjackings require an intent to either temporarily or permanently deprive the owner of the property whereas robbery always requires an intent to permanently deprive, and (2) carjackings only involve vehicles whereas robbery may involve any type of property. There is no indication that the Legislature intended to alter the meaning of a felonious taking.

Because the crimes of carjacking and robbery contain the same felonious taking requirement, we find it appropriate to apply to the crime of carjacking the well-developed law applicable to that element of robbery. (See *Ventura County Deputy Sheriffs' Assn.* v. *Board of Retirement* (1997) 16 Cal.4th 483, 496, fn. 16 [66 Cal.Rptr.2d 304, 940 P.2d 891]; *In re Bittaker* (1997) 55 Cal.App.4th 1004, 1009 [64 Cal.Rptr.2d 679].)

■    For robbery, a felonious taking requires both a taking (caption) and a carrying away (asportation). (*People* v. *Hill* (1998) 17 Cal.4th 800, 852 [72 Cal.Rptr.2d 656, 952 P.2d 673].) It is sufficient if either the caption or the asportation is accomplished through force or fear. (*People* v. *Cooper* (1991) 53 Cal.3d 1158, 1165, fn. 8 [282 Cal.Rptr. 450, 811 P.2d 742].)

"A taking occurs when the offender secures dominion over the property, while a carrying away requires some slight movement away of the property." (2 LaFave & Scott, Substantive Criminal Law (1986) Larceny—Taking & Carrying Away, § 8.3, p. 345; see *People* v. *Beamon* (1973) 8 Cal.3d 625, 635 [105 Cal.Rptr. 681, 504 P.2d 905] [applying dominion and control theory]; see also *People* v. *Hill, supra,* 17 Cal.4th at p. 852 [describing asportation as only requiring "slight movement"].) Moreover, " 'it is not necessary that the property be taken out of the physical presence of the victim.' " (*People* v. *Hill, supra,* 17 Cal.4th at p. 852.) "[E]ven where the only movement was the victim placing money into a paper bag, courts have found sufficient asportation to justify a conviction for robbery. (See *People* v. *Price* (1972) 25 Cal.App.3d 576, 578 . . .)." (17 Cal.4th at pp. 852-853.) Nor does the perpetrator have to have physical possession of the property. (*People* v. *Pham* (1993) 15 Cal.App.4th 61, 65 [18 Cal.Rptr.2d 636], citing *People* v. *Quinn* (1947) 77 Cal.App.2d 734, 736-737 [176 P.2d 404] [asportation occurred when robber ordered victim at gunpoint to throw down his wallet and victim complied].) " ' "Asportation . . . may be fulfilled by wrongfully . . . removing property from the . . . control of the owner, . . . even though the property may be retained by the thief but a moment." [Citation.]' . . ." (*People* v. *Pham, supra,* 15 Cal.App.4th at p. 67, citations omitted.)

■    In the present case, as Perales was driving, defendant ordered him to stop the car. When Perales failed to do so, defendant put his hand behind his waistband. Believing that defendant had a gun, Perales stopped the car, whereupon defendant ordered him to put the car in park and to get out. At this point, Perales noticed an object projecting from the front of defendant's T-shirt, where defendant had his right hand. Defendant threatened to shoot Perales if he did not get out of the car. So Perales ran from the vehicle, albeit with the car keys, thereby frustrating defendant's plans.

A reasonable fact finder could find that a taking occurred when defendant exercised dominion and control over the car by ordering Perales to stop the car and to get out; Perales's response in braking the car and running away from it provides the asportation element of the completed crime. Defendant accomplished this taking through force or fear because defendant's actions and words led Perales to believe that defendant had a gun and that he would use it if Perales did not comply. The braking distance and separation of the

owner from the vehicle are no less an asportation than had defendant forcibly caused Perales to pull off the road into a parking lot and then get out. Rather than continuing driving to his intended destination, Perales altered the vehicle's course of travel and removed himself from the vehicle at the forcible behest of defendant. The movement of the vehicle between the moment defendant ordered Perales to stop and the moment at which the car came to a complete stop is sufficient movement, even though defendant was not behind the wheel nor did he possess the vehicle's ignition key.

Defendant argues he is liable, at most, for attempted carjacking because defendant never succeeded in separating the vehicle from the owner and then moving the vehicle. Defendant cites *People* v. *Jones* (1999) 75 Cal.App.4th 616 [89 Cal.Rptr.2d 485] to support this proposition. In *Jones*, however, the People conceded that there was insubstantial evidence of a completed carjacking, thereby eliminating that issue. (See *id.* at p. 624.) By contrast, no such concession has been made in the present case that defendant's crime was an attempt as opposed to a completed crime.

Based on the present facts, we are satisfied that the jury could reasonably find a completed carjacking consistent with the general rule for larceny-based crimes that the caption must occur before the asportation and that the crime is complete even though the defendant's goal is frustrated after the asportation occurs. As a respected treatise on criminal law explains: "To constitute larceny, there must be—in addition to a taking or caption—a carrying away or asportation of the property of another. There is a caption when the defendant takes possession; he takes possession when he exercises dominion and control over the property. There is an asportation when he carries away the property; any carrying away movement, however slight, even though it takes but a moment, is sufficient. *Given an asportation, a larceny is committed even if the defendant for whatever reason abandons the property, or even if, because he is detected, his purpose in carrying away the property is frustrated.*" (3 Wharton's Criminal Law (15th ed. 1995) § 366, pp. 425-428, italics added, fns. omitted.) Thus, the crime of carjacking was complete by the time the car came to a stop and Perales jumped out. The asportation that took place here is no less than the movement involved when a victim simply throws down his wallet when threatened at gunpoint. (See *People* v. *Quinn, supra,* 77 Cal.App.2d 734.) The crime of robbery is completed upon any asportation, however slight. (*People* v. *Bigelow* (1984) 37 Cal.3d 731, 753 [209 Cal.Rptr. 328, 691 P.2d 994, 64 A.L.R.4th 723].) Considering the totality of the circumstances, all of the elements of a carjacking exist in this case.

## Disposition

The judgment is affirmed.

Dibiaso, Acting P. J., and Levy, J., concurred.

A petition for a rehearing was denied December 1, 1999, and appellant's petition for review by the Supreme Court was denied February 16, 2000. Kennard, J., was of the opinion that the petition should be granted.