118 Cal.Rptr.2d 539 (2002)
97 Cal.App.4th 583
The PEOPLE, Plaintiff and Respondent,
v.
Daniel Sapien LOPEZ, Defendant and Appellant.
No. F036242.
Court of Appeal, Fifth District.
April 10, 2002.
Review Granted June 26, 2002.
*540 Joseph Shipp, under appointment by the Court of Appeal, Sebastapol, for Defendant and Appellant.
Bill Lockyer, Attorney General, David P. Druliner, Chief Assistant Attorney General, Robert R. Anderson, Assistant Attorney General, Patrick J. Whalen and Brian G. Smiley, Deputy Attorneys General, for Plaintiff and Respondent.
Certified for Partial Publication.[*]

OPINION
VARTABEDIAN, Acting P.J.
Defendant Daniel Sapien Lopez engaged in a series of crimes, resulting in the trial court finding him guilty of numerous felony criminal charges and finding true various appended allegations, including enhancements. Because of his status as a repeat offender, he received a substantial term of imprisonment. In the published portion of this opinion we uphold the carjacking (Pen.Code § 215)[1] conviction he challenges, finding there was a completed carjacking even though the vehicle itself was not physically moved. In the unpublished portion of this opinion, we address and reject numerous additional contentions raised by defendant, including other substantial evidence challenges, his dispute concerning the breadth of his jury trial waiver, his claim of interpreter "hearsay," challenges to the three strikes law, and arguments regarding the severity of his punishment. We affirm.

FACTS AND PROCEEDINGS[**]

DISCUSSION

I. Waiver of Jury Trial[**]

II. Sufficiency of Evidence of Asportation for Carjacking
Defendant was convicted in count five of carjacking. Wa Vue Yang was sitting in the driver's seat of his parked vehicle waiting for his wife to come out of the market. Defendant approached the driver's side of the vehicle and asked Yang if he wanted to buy a watch. Yang declined because he did not need a watch. Defendant pulled out a gun and fired it at the ground. Defendant pointed the gun at Yang's face and told him to get out of the vehicle. Yang got out of the vehicle. Leaving the keys in the ignition, Yang started to walk away. Defendant got into the vehicle, throwing his backpack onto the passenger seat. Yang realized he had left some checks in the vehicle. Wanting the checks, *541 he turned around, returned to the vehicle and confronted defendant. He was not as afraid of the gun as he was initially because, after thinking about it, he thought the gun was an air gun. Defendant pointed a gun at Yang and pulled the trigger twice; the gun did not fire. Defendant fled.
Defendant argues that asportation is required to prove a carjacking and that an asportation does not occur if the vehicle is not moved. Because the vehicle here was not moved, or even started, defendant argues that this offense was attempted carjacking, not a completed carjacking.
Respondent contends the crime of carjacking does not require a defendant to physically move the motor vehicle; instead, respondent argues the legislative intent underlying the statute and the nature of a motor vehicle mandates that a carjacking is complete once a defendant uses force or fear to divest the victim of control of the motor vehicle and the defendant assumes dominion and control over the vehicle.
The question posed here, whether actual movement of the motor vehicle is required to prove the crime of carjacking, is one of first impression. Carjacking is a relatively new crime and was added to the Penal Code as part of Senate Bill No. 60 (1993-1994 Reg. Sess.). According to the author of Senate Bill No. 60, "[t]here has been considerable increase in the number of persons who have been abducted, many have been subjected to the violent taking of their automobile and some have had a gun used in the taking of the car. [¶] This relatively `new' crime appears to be as much thrill-seeking as theft of a car. If all the thief wanted was the car, it would be simpler to hot-wire the automobile without running the risk of confronting the driver. People have been killed, seriously injured, and placed in great fear, and this calls for a strong message to discourage these crimes. Additionally, law enforcement is reporting this new crime is becoming the initiating rite for aspiring gang members and the incidents are drastically increasing. [¶] "Under current law there is no carjacking crime per se and many carjackings cannot be charged as robbery because it is difficult to prove the intent required of a robbery offense (to permanently deprive one of the car) since many of these gang carjackings are thrill seeking thefts. There is a need to prosecute this crime." (Assem. Com. on Pub. Safety, analysis of Sen. Bill No. 60 (1993-1994 Reg. Sess.) July 13, 1993, p. 1.)
Section 215 defines the crime of carjacking as follows:
"(a) `Carjacking' is the felonious taking of a motor vehicle in the possession of another, from his or her person or immediate presence, or from the person or immediate presence of a passenger of the motor vehicle, against his or her will and with the intent to either permanently or temporarily deprive the person in possession of the motor vehicle of his or her possession, accomplished by means of force or fear.
".......................................
"(c) This section shall not be construed to supersede or affect Section 211 [robbery]. A person may be charged with a violation of this section and Section 211. However, no defendant may be punished under this section and Section 211 for the same act which constitutes a violation of both this section and Section 211."
Section 211 defines the crime of robbery: "Robbery is the felonious taking of personal property in the possession of another, from his person or immediate presence, and against his will, accomplished by means of force or fear."
*542 The carjacking statute follows the basic template of the robbery statute, and numerous courts have utilized the law of robbery and larceny in determining if a carjacking has occurred. For example, in People v. Alvarado (1999) 76 Cal.App.4th 156, 90 Cal.Rptr.2d 129, we reviewed the law of robbery, which requires both a taking and an asportation (carrying away). We applied the well-developed law applicable to the requirements of robbery to resolve whether an asportation had occurred in a carjacking. For the purposes of our discussion in Alvarado we assumed, but did not find, that carjacking required an asportation. There, the vehicle was already in motion when Alvarado made his demand. Because there was actual movement of the vehicle in Alvarado after the demand was made (the braking distance after Alvarado ordered the victim to stop the car), it was not necessary to determine if a carjacking could occur without movement of the vehicle itself. We are faced squarely with that issue in the present case.
Although the courts have frequently interpreted the requirements for carjacking by utilizing the law applicable to the elements of robbery and larceny, the California Supreme Court has emphasized that the interpretation of the carjacking statute should not follow in lockstep with these other crimes.[4] In People v. Hill (2000) 23 Cal.4th 853, 98 Cal.Rptr.2d 254, 3 P.3d 898, Hill and his accomplice accosted a mother as she was removing her seven-month-old daughter from the car. Without removing the infant from the car, the two assailants forced the mother into the car and the four drove off together. In addition to finding Hill guilty of carjacking the mother, he was also found guilty of carjacking the infant. The Court of Appeal found insufficient evidence to support the carjacking conviction relating to the infant because the infant lacked an independent will; thus the taking could not be against her will as required by the carjacking statute. The Supreme Court disagreed with the Court of Appeal and found substantial evidence supported the conviction.
The Supreme Court found no reason in logic or policy for the Legislature to preclude an infant from being the victim of a carjacking. "`In the usual case of carjacking involving multiple occupants, all are subjected to a threat of violence, all are exposed to the high level of risk which concerned the Legislature, and all are compelled to surrender their places in the vehicle and suffer a loss of transportation. All are properly deemed victims of the carjacking.' [Citation]" (People v. Hill, supra, 23 Cal.4th at p. 859, 98 Cal.Rptr.2d 254, 3 P.3d 898.)
Next, the Supreme Court observed that the Legislature made carjacking a separate crime, "and for a good reason. `[C]arjacking is a particularly serious crime that victimizes persons in vulnerable settings and, because of the nature of the taking, raises a serious potential for harm to the victim, the perpetrator and the public at large.'" (23 Cal.4th at p. 859, 98 Cal. Rptr.2d 254, 3 P.3d 898.)
Relying on robbery cases, the defendant in Hill argued that he could not be guilty of carjacking someone who is unconscious or otherwise unaware of the taking. The Supreme Court disagreed. "The analogy between robbery and carjacking is imperfect. Unlike robbery, which requires a taking from the person or immediate presence of the possessor (§ 211), the Legislature expanded the taking element to a *543 taking from the person or immediate presence of either the possessor or any passenger. (§ 215, subd. (a).) By extending carjacking to include a taking from a passenger, even one without a possessory interest (assuming the other elements of the crime are present), the Legislature has made carjacking more nearly a crime against the person than a crime against property. Moreover, unlike a robbery, a carjacking subjects an unconscious possessor or occupant of a vehicle to a risk of harm greater than that involved in an ordinary theft from an unconscious individual." (People v. Hill, supra, 23 Cal.4th at pp. 860-861, 98 Cal.Rptr.2d 254, 3 P.3d 898.)
The Supreme Court thus rejected the premise that the elements of carjacking align with robbery. In addition the majority rejected analogies made in the concurring opinion to larceny. "Just as the analogy to robbery is imperfect, so too is an analogy to larceny." (People v. Hill, supra, 23 Cal.4th at p. 861, fn. 5, 98 Cal. Rptr.2d 254, 3 P.3d 898.)
In People v. Alvarado, supra, 76 Cal. App.4th at page 160, 90 Cal.Rptr.2d 129, which predated Hill, we did draw some comparisons between carjacking and robbery concerning the felonious taking requirement. A long line of cases established that for a robbery a felonious taking has two requirements-a taking and an asportation (carrying away). Our discussion of these elements was as follows:
"`A taking occurs when the offender secures dominion over the property, while a carrying away requires some slight movement away of the property.' [Citations.] Moreover, `"it is not necessary that the property be taken out of the physical presence of the victim."` [Citation.] `[E]ven where the only movement was the victim placing money into a paper bag, courts have found sufficient asportation to justify a conviction for robbery. [Citation.]' [Citation.] Nor does the perpetrator have to have physical possession of the property. [Citations.] `"`Asportation ... may be fulfilled by wrongfully ... removing property from the ... control of the owner, ... even though the property may be retained by the thief but a moment.' [Citation.]" ...' [Citation.]" (People v. Alvarado, supra, 76 Cal.App.4th at p. 161, 90 Cal.Rptr.2d 129.) We thus recognized how very limited an asportation was required for robbery and that no more would be required for a carjacking.
In People v. Lonnen (1903) 139 Cal. 634, 73 P. 586 an information was filed against the defendant alleging that he had committed the crime of grand larceny because he "did willfully, unlawfully, and feloniously take from the person and immediate presence" of the victim some gold coins. (Id. at p. 636, 73 P. 586.) The defendant contended that the trial court erred in overruling the demurrer to the information. The evidence tended to show that the defendant took the money from the pocket of the victim. The court found sufficient evidence of asportation. "[W]hen the taking is from the person, .... no further asportation, or carrying away, is necessary to complete the offense of grand larceny. Or, to state the matter another way, the `taking from the person' is all the `asportation,' or `carrying away,' necessary to be alleged or shown to constitute the crime of grand larceny." (Ibid.)
In People v. Quinn (1947) 77 Cal.App.2d 734, 176 P.2d 404 Quinn's codefendant threatened the victim with a gun and ordered the victim to throw his wallet to the ground. The victim complied, throwing the wallet approximately six feet, and then informed the defendants that the wallet was empty. The codefendant ordered the victim to pick up the wallet and show him that it contained no money. The victim *544 again complied and the codefendant ordered the victim to leave. The victim took his wallet with him. Both defendants appealed, claiming there was insufficient evidence of a taking and asportation to support their robbery convictions. First, the appellate court held that the taking element did not require that the property be transferred to the hands of the one committing the robbery. The court also found a sufficient asportation. "[T]here was admittedly an intentional removal of this wallet from the possession of its owner, accomplished by fear of a gun in the hands of one of the appellants, and a removal of the property for some six feet. That the property was thereafter returned when it was found to contain no money is not a material factor. There is nothing in the statute that requires any more in the way of a taking or asportation than here appears and the evidence is sufficient in the respect complained of." (Id. at p. 737, 176 P.2d 404.)
Because there was an actual movement of the vehicle in Alvarado, supra, 76 Cal.App.4th 156, 90 Cal.Rptr.2d 129, we did not need to decide if the identical taking requirement found in the robbery and carjacking statutes should have different interpretations based on the unique aspects of the crime of carjacking as well as the characteristics of the property taken in a carjacking. When two provisions are stated in identical terms, it is presumed that the Legislature intended they be given a like interpretation. (People v. O'Neil (1977) 56 Cal.App.4th 1126, 1131, 66 Cal.Rptr.2d 72.) Although the taking requirement in the carjacking statute is identical to the taking requirement in the robbery statute, the requirement should not be viewed in a vacuum and should be given "`a reasonable construction which conforms to the apparent purpose and intention of the lawmakers.' [Citation.]" (Webster v. Superior Court (1988) 46 Cal.3d 338, 344, 250 Cal.Rptr. 268, 758 P.2d 596.)[5] Following the lead of the Supreme Court in Hill, we must analyze what occurred here in the context of the specific nature of the crime of carjacking. The taking element of carjacking must be construed with reference to the nature of the offense (a crime against the person more than a crime against property), and the mischief intended to be guarded against (the forcible taking of possession of one's motor vehicle with the inherent strong potential for harm to the victim and others).
Carjacking applies only to the taking of a motor vehicle. Unlike coins or a wallet, which can be easily moved from the person and transferred to a robber, a motor vehicle is not so easily transferred. When Vang was ordered by defendant to give up possession of the vehicle, Vang could not pick up the vehicle and give it to defendant; the method chosen by Vang to transfer the possession of his vehicle to defendant was by Vang's getting out of the vehicle and moving away from it while defendant got into the car. This was as much a taking from the person as was the taking of the coins in Lonnen, supra, 139 Cal. 634, 73 P. 586 or the throwing down of the wallet in Quinn, supra, 77 Cal.App.2d 734,176 P.2d 404.
We must be mindful of the distinction between the nature of the object which is *545 the subject of a carjacking and the nature of the objects that are the subjects of a robbery when considering the taking requirement for a carjacking compared to the taking requirement for a robbery. We are also mindful of the Supreme Court's interpretation that carjacking is more of a crime against the person than a larcenous crime against property. Here, the victim was exposed to a high level of risk; he was compelled as a result of force to become separated from his vehicle when he surrendered his place in the vehicle and defendant took possession of the vehicle away from the victim. We are convinced the Legislature did not intend to preclude a conviction for carjacking in this scenario merely because the vehicle itself was not placed in motion. This is precisely the type of conduct sought to be deterred. Substantial evidence supports the carjacking conviction.
III.-XI[***]

DISPOSITION
The judgment is affirmed.
WE CONCUR: BUCKLEY and LEVY, JJ.
NOTES
[*] Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of the Facts and Proceedings, and Discussion sections I and III through XI.
[1] All future code references are to the Penal Code unless otherwise noted.
[**] See footnote *, ante.
[4] In People v. Onega (1998) 19 Cal.4th 686, 693, 80 Cal.Rptr.2d 489, 968 P.2d 48, the court found that "neither carjacking nor theft is a necessarily included offense of the other, because it is possible to commit either offense without committing the other."
[5] In People v. Vargas (2002) 96 Cal.App.4th 456, 116 Cal.Rptr.2d 867, the Second Appellate District, Division Five, was faced with facts similar to what occurred here. They held that because there was no evidence of any asportation or movement of the automobile, the defendant was only guilty of attempted carjacking. Their analysis was based on rules of statutory construction and the identical language contained in the robbery and carjacking statutes.
[***] See footnote *, ante.